Russell Sauvage, Appellant, v. Virginia Gallaway and M. C. Gallaway, Appellees.

Term No. 46F13.

filed May 6, 1946.   Released for publication May 31, 1946.

VERLIE, EASTMAN & SCHLAFLY and EMERSON BAETZ, all of Alton, for appellant.

C. C. ELLISON, of Alton, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Madison county, Illinois, denying the petition of appellant, Russell Sauvage (hereinafter called plaintiff) for an injunction restraining appellees, M. C. Gallaway and Virginia Gallaway, his wife (hereinafter called defendants), from engaging in business in direct competition with the W. M. Sauvage Advertising System, a billboard advertising enterprise in Alton and Woodriver, Illinois, and surrounding territory. The injunction was denied after a hearing, at which evidence was adduced. The precise order appealed from being in words and figures, as follows:

"Oct. 1, 1945.
"Upon consideration of the law and the evidence it is the opinion of the Court that an injunction re-

straining M. C. Gallaway from engaging in the advertising sign business should not be granted in this instance, and accordingly the petition of Russell Sauvage for an injunction restraining M. C. Gallaway from engaging in the advertising sign business is hereby denied.

        R. W. Griffith, Judge.''

The injunction was sought on the theory that the defendant, M. C. Gallaway, is forbidden, as a fiduciary, to enter into competition with his own trust *res,* and that his wife, although a trust beneficiary, is without the prohibition because of her relationship to him.

There is little controversy about the facts in this case. From the evidence it appears that William M. Sauvage, who was at the time of his death, a resident of the City of Alton, departed this life on the 15th day of August 1938, leaving surviving a son, Russell Sauvage, the plaintiff herein, and a daughter, Virginia Gallaway, one of the defendants herein. His estate consisted of various parcels of real estate and personal property, and a going and operating outdoor billboard advertising business in and about Alton and Woodriver, Illinois, known as the ''W. M. Sauvage Advertising System.'' William M. Sauvage died testate and his will, among other things, provided that his property, including the billboard business, be placed in trust for 10 years under the administration of a board of five named trustees. All of the trustees named in the will declined to serve, and on December 4, 1939, a suit was instituted in the circuit court of Madison county, asking the court to assume jurisdiction and appoint a successor or substitute trustee. Jurisdiction was accepted by the court and on January 5, 1940, the circuit court appointed M. C. Gallaway, one of the defendants herein, as trustee. It appears from the evidence that Gallaway accepted the office and began the administration of the trust, including the advertising business.

In the interim between the date of his appointment as trustee, and March 20, 1944, there seems to have been a considerable amount of strife, disagreement, and contention in connection with the handling of this trust as between the trustee, and the plaintiff herein. On March 20, 1944, the defendant herein, M. C. Gallaway, filed in the circuit court of Madison county, Illinois, a paper headed "Resignation of M. C. Gallaway, as trustee of the William M. Sauvage Outdoor Advertising System," and which said paper bore the signature of M. C. Gallaway and contained the following language:

"To Honorable D. H. Mudge, Presiding Judge of said Court:

I hereby resign as trustee of the William M. Sauvage Outdoor Advertising System, such resignation to take effect upon acceptance and appointment of my successor by the Court. Dated at Alton, Illinois, this 18th day of March, A.D. 1944."

The record in this case does not disclose any action taken by the court upon this paper.

On June 26, 1944, an order was entered in connection with this trusteeship, which designated Russell Sauvage, plaintiff herein, as manager of the advertising business, with full power and authority over its funds and property, and providing for reports of his operation to the other beneficiary under the trust.

On June 25, 1945, the petition for injunction in this case was filed and it alleged, among other things that, the defendant, M. C. Gallaway, had operated the W. M. Sauvage Advertising System, as trustee, for the heirs, and had acquired a knowledge of its customers and patrons, and that he had begun the operation of a business directly competitive with it; that in such operation he had used his knowledge acquired as trustee; that such conduct on his part was wrongful and in violation of his fiduciary duties; and that he had, by such conduct, irreparably damaged the trust

estate. It prayed that he be enjoined from prosecuting the competing business for the duration of his trusteeship and 18 months thereafter.

The defendant, M. C. Gallaway answered the petition and admitted the competition charged in plaintiff's petition, but denied the use of information obtained from the trust. He also asserted, as an affirmative defense, that he had resigned as manager of the Sauvage System, and alleged that Russell had been placed solely in charge. The defendant, Virginia Sauvage, filed what she chooses to designate as an intervening petition, and in which she alleged that her husband's business was a partnership in which she owned the principal interest, and that the business had been formed because of constant quarreling about the Sauvage System. A reply was filed to the answer of M. C. Gallaway, and an answer to the intervening petition.

When this matter came on for hearing the plaintiff herein testified as to his appointment as manager in June of 1944, and stated that there was then no competing billboard business in the Sauvage territory. In February of 1945, however, he stated that a competitor appeared in the person of M. C. Gallaway, one of the defendants herein, who began operating the "M. C. Gallaway Outdoor Advertising System." Plaintiff testified that Gallaway had erected seven boards in the Sauvage territory, and that four of them were immediately adjacent to existing Sauvage boards. A photograph was introduced in evidence of the office quarters of the Sauvage System, and although a sign over the whole structure identified it as the office of the Sauvage System, plaintiff testified that M. C. Gallaway was actually using one of the offices in the structure, and that a common telephone line served both offices, with Gallaway's office being on an extension of the Sauvage System phone.

As to whether or not the defendant, M. C. Gallaway was engaged in a competing business with the Sauvage

System, we believe is clearly established by the testimony of Gallaway himself, who testified among other things that, he began to operate his own billboard business in January or February of 1945, and that his first board was built in April, and he asserted that "naturally he would solicit all the business that he could get in operating his business in the future, including customers of the Sauvage Advertising System; that he had solicited them before and would solicit them now for outdoor advertising business; and that as a prudent businessman he would do everything in his power to take contracts away from the Sauvage System and put them with his Company." He denied that he had utilized any of the information he had obtained as trustee, and asserted that he did not think he would utilize it. Gallaway testified that he did not use his office in the Sauvage System building for his outdoor advertising business, but merely for trust business and his newspaper business, and that he used the telephone only for estate work. The outdoor advertising business, he asserted, he carried on from his home.

This brings us to a consideration of two propositions: (First) Was M. C. Gallaway at the time of the hearing in this cause trustee of the William M. Sauvage estate; and (second) If trustee, were his acts and conduct as disclosed by the evidence in this case, proper.

As to the first proposition, we do not believe that it can be reasonably contended that the fact that M. C. Gallaway filed what purported to be a resignation as trustee of the William M. Sauvage Advertising System in court on March 20, 1944, under any consideration could be considered as terminating his duties, responsibilities and liabilities, as trustee. The resignation was never acted upon by the court and the trustee relieved of his responsibilities as trustee, and under the undisputed evidence in this case, he continued to act as trustee over certain of

the other property and assets of the trust. A trust cannot be divided into parts or fractions for administration, and a trustee cannot resign as fiduciary for part of the trust, retaining his office as to the remainder (3 Bogert on Trusts 1677; 1 Scott on Trusts, 555; 1 Restatement of Trusts, 278; *In re Matter of Olmstead,* 24 App. Div. 190, 49 N. Y. S. 104).

Concluding, as we must, under the undisputed evidence in this case, that M. C. Gallaway, as trustee, had not divested himself of his responsibilities as trustee, we now proceed to a consideration of his acts and conduct as shown by his evidence, with a view to testing it in the light of whether or not it is consistent with his responsibilities as a trustee. A fundamental duty of a trustee is loyalty to his *cestuis,* and the duty of loyalty is more intense in the trust relationship than in any other fiduciary relationship (54 Am. Jur. 250).

It is a fundamental and wholesome provision of the law which requires a trustee must act in good faith in the administration of his trust, and that requirement means that he must act honestly and with finest and undivided loyalty to his trust, not merely with the standard of honor of the workaday world, but with a punctilio of honor the most sensitive (54 Am. Jur. 246; *Buffum v. Peter Barceloux Co.,* 289 U. S. 227).

A trustee who competes with a business, part of his trust *res,* will be removed and solicitation of customers of the trust business will be enjoined (*Moore v. McGlynn* (1894), 1 Ir. R. 74 (Irish Court of Appeals).

Giving consideration to the evidence in this case and the law applicable thereto, we are brought to what seems to us, an inescapable conclusion that, the plaintiff herein was entitled to relief at the hands of the trial court to the extent that an injunction should have been granted, enjoining defendant, M. C.

Gallaway, trustee of the William M. Sauvage estate, from engaging in direct competition with the trust estate, of which he is trustee, and that he should be so enjoined until such time as he has ceased to be trustee of said trust.

This case is, accordingly, reversed and remanded, with directions to the trial court to issue an injunction in accordance with the views expressed herein.

*Reversed and remanded with directions.*

STONE, P. J., and BARTLEY, J., concur.