Russell Sauvage et al., Appellees, v. Virginia S. Gallaway et al., Appellants.

Term No. 47F22.

Opinion filed April 23, 1947. Released for publication June 2, 1947.

C. C. ELLISON and W. H. THOMAS, both of Alton, for appellants.

VERLIE, EASTMAN & SCHLAFLY and EMERSON BAETZ, all of Alton, for appellee.

MR. JUSTICE BARTLEY delivered the opinion of the court.

This is an appeal by the defendants, Virginia S. Gallaway and M. C. Gallaway, trustee, by appointment of the circuit court of Madison county as successor trustee to the trustees named in the will of Wm. M. Sauvage, deceased. It is from the correctness of an order of the circuit court of Madison county denying the petition, as amended, of the successor trustee for

leave to sell at various upset prices, fourteen (14) parcels of real estate constituting all of the real estate in the trust.

The position of the defendants is based on the alleged proposition that under the will of Wm. M. Sauvage, deceased, and the order of the court appointing the present trustee, such trustee is given full power and authority to sell in his discretion the real estate in question, with which a court of chancery will not interfere so long as he is acting bona fide and not in a wholly unreasonable and arbitrary manner. The defendants thus put themselves in the anomalous position of asserting that the court had no authority to control the acts of the trustee except in the manner indicated and at the same time asking the authorization of the court for the petitioner to sell the real estate.

Since the appointment of the present trustee there has been considerable strife, disagreement, misunderstanding and contention in connection with the handling of the trust as between the trustee and his wife, Virginia S. Gallaway, on one side, and Russell Sauvage, brother of Virginia S. Gallaway, on the other side. Virginia S. Gallaway and Russell Sauvage are the beneficiaries of the trust. Twice within the last two years disputes between these parties have been before this court which are reported in *Sauvage v. Gallaway,* 329 Ill. App. 38 and *Sauvage v. Gallaway,* 330 Ill. App. 460.

Assuming, without deciding that the trustee has the broad discretion contended for by the defendants, the appellants here, still that discretion will be controlled by a court of equity if such discretion is infected with fraud or bad faith, arbitrariness, abuse of authority or perversion. (54 Am. Jur. par. 287, p. 228; *Yates v. Yates,* 255 Ill. 66; *Chicago Title & Trust Co. v. Chief Wash Co.,* 368 Ill. 146; 65 C. J. par. 539, p. 679.)

The petition for authorization to sell the real estate here was filed by the trustee on February 1, 1946. On May 13, 1946 plaintiff and appellee, Russell Sauvage, filed in the circuit court of Madison county a petition for injunction to restrain the trustee from selling any real or personal property of the trust until entry by said court of a specific order for such sale. The same day the court entered an order granting a temporary injunction in accordance with the prayer of the petition. On July 8, 1946, the trustee filed a motion to dissolve this injunction, which motion has never been heard or disposed of, and the temporary injunction remains in full force and effect. The order of the court denying trustee's petition for authority to sell real estate was entered October 24, 1946.

The record shows that the largest percentage of the assets of the trust consists of the W. M. Sauvage Advertising System which is being operated by Russell Sauvage in pursuance to the order of the circuit court of Madison county, and that this business is the principal income producing factor of the trust estate. Twelve (12) of the parcels of real estate sought to be sold are occupied by the signs of the W. M. Sauvage Advertising System. The office, garage, shop and warehouse occupied by the W. M. Sauvage Advertising System are also sought to be sold. Of 266 billboard panels operated by the W. M. Sauvage Advertising system, 39 are on properties operated by the trust. The office, garage, shop and warehouse sought to be sold were built by the testator expressly for the advertising business and at the time of the hearing no other facilities were or are available in Alton, Illinois, for such purpose.

The record shows that the average revenue for 12 months for the W. M. Sauvage Advertising System is some $28,000 and its average operating expenses some $22,000. If the panels on the real estate owned by the

trust were disposed of, the business would be relieved of operating expenses of approximately $500 per year, while a loss in revenue from panels located on trust real estate would be about $4,000 per year.

The prices for which the trustee sought authority to sell the twelve (12) parcels of real estate around Alton, Illinois, aggregated $15,950. The record shows that in the realm of probability, the trust funds realized from the sale of real estate could not be expected to yield a return of more than 2 3/4 per cent and that the trust will expire on August 15, 1948, at which time it will be necessary to make a division or a liquidation and distribution between the beneficiaries.

The case of *Sauvage v. Gallaway*, 329 Ill. App. 38, involved the matter of the defendant trustee operating a billboard advertising system in competition with the trust of which the plaintiff is manager and on page 44 we said: ''A fundamental duty of a trustee is loyalty to his cestuis, and the duty of loyalty is more intense in the trust relationship than in any other fiduciary relationship. (54 Am. Jur. 250.)

''It is a fundamental and wholesome provision of the law which requires a trustee must act in good faith in the administration of his trust, and that requirement means that he must act honestly and with finest and undivided loyalty to his trust, not merely with the standard of honor of the workaday world, but with a punctilio of honor the most sensitive (54 Am. Jur. 246; *Buffum v. Peter Barceloux Co.*, 289 U. S. 227).

''A trustee who competes with a business, part of his trust res, will be removed and solicitation of customers of the trust business will be enjoined (*Moore v. McGlynn* (1894), I IR. R. 74 (Irish Court of Appeals).''

In that opinion we reversed the decision of the trial court and directed an injunction issue enjoining defendant, M. C. Gallaway, from engaging in direct competition with the trust estate until such time as he

ceased to be trustee of the trust. After the issuance of the injunction, in pursuance of the mandate of this court, the trustee sold his individual business to his wife, the defendant Virginia S. Gallaway, and it is now operated in her name.

We must conclude from the record that the trustee, in seeking the sale of real estate in question, was not acting for the best interest of the trust. In fact, he was seeking to cripple and destroy the largest asset of the estate which was its principal income producing asset. He was not acting in good faith and within the limits of sound discretion, but rather arbitrarily and unreasonably. It is unnecessary, therefore, for us to pass on the question as to how far the powers of a trustee are discretionary under this trust.

We find no error in the record and the order of the trial court of Madison county is affirmed.

*Affirmed.*

CULBERTSON and SMITH, JJ., concur.