GEMINI SERVICES, INC., Appellant, v. WANDA MARTIN *et al.*, Appellees.

Fourth District No. 4—85—0257

Opinion filed February 18, 1986.

Reino C. Lanto, Jr., of Waaler, Evans & Lanto, of Rantoul, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, First Assistant Attorney General, and Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellee State of Illinois Human Rights Commission.

Marc J. Ansel, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellee Wanda Martin.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Gemini Services, Inc., appeals from an order of the circuit court of Champaign County, dismissing its complaint for administrative review. The sole issue is whether the complaint, filed on December 24, 1984, was filed within the 35-day requirement of section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—103). Although the question is a close one, we conclude that the complaint was timely filed. Accordingly, we reverse and remand.

On a date not shown by the record before us, defendant Wanda Martin filed a complaint under section 7—102 of the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 7—102) against plaintiff,

18

Gemini Services, Inc. (Gemini), for unlawful discrimination in employment. The matter eventually came before the Commission and, by order filed November 13, 1984, the Commission adopted the findings of its administrative law judge sustaining the charges. On that date, copies of the order were mailed by registered or certified mail. Counsel for Gemini admitted that he received its copy of the order on November 15, 1984.

When the complaint was filed in the circuit court on December 24, 1984, 39 days had elapsed since the actual receipt of the order by counsel for Gemini. December 24, 1984, was a Monday. Thus, had filing on December 22, 1984, the preceding Saturday, been timely, the filing on the 24th would have been timely. In dismissing the complaint for want of jurisdiction for untimely filing, the circuit court ruled that December 20, 1984, the 35th day after counsel for Gemini actually received notice of the order of the Commission, was the last day for filing for review in the circuit court. We hold that filing on December 22 would have been within the 35-day time limit, because the 35-day period did not begin to run until four days after the order was mailed to Gemini's counsel.

The maze of legislation and administrative rules and regulations to be considered begins with section 3—103 of the Code of Civil Procedure, which states in part:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his or her last known residence or place of business." Ill. Rev. Stat. 1983, ch. 110, par. 3—103.

The Illinois Human Rights Act which governed the procedure before the administrative agencies involved here is silent as to the method for service of final orders of the Commission. However, section 8—102(E) of the Act (Ill. Rev. Stat. 1983, ch. 68, par. 8—102(E)) empowers the Commission to promulgate rules and regulations. The defendants do not dispute that such rules and regulations in regard to the method of service of the final decision of the Commission constitutes a provision "in the Act, governing the procedure before the ad-

ministrative agency" within the meaning of section 3—103. No case directly in point has been called to our attention, but the opinion in *Schlobohm v. Police Board* (1984), 122 Ill. App. 3d 541, 461 N.E.2d 601, seems to indicate that agency rules or regulations enacted pursuant to its rulemaking power meets the foregoing requirement of section 3—103.

In contending that its complaint was timely filed, Gemini relies on the following procedural rule of the Commission:

> "Section 1.3. Service of Pleadings.
>
> (a) Manner of Service. Unless otherwise provided, all motions, orders, notices and other pleadings required to be served under the Act or these Rules or Regulations shall be served either personally or by first-class mail.
>
> (b) Proof of Service. Where service is required, proof of service shall be filed with the Commission consisting of the verified statement of the individual making service, specifying the manner and date of such service.
>
> (c) Effective Date of Service by Mail. Service by mail shall be deemed complete four days after mailing of the document, properly addressed and posted for delivery to the person to be served." 56 Ill. Admin. Code, ch. XI, sec. 5300.30 (1985).

The theory that the 35-day time for filing did not begin to run until four days after the Commission's mailing of the order arises from the language of section 1.3(c), which states that "[s]ervice by mail shall be *deemed* complete four days after mailing." (Emphasis added.) The word "deemed" is absolute and, if applicable, would indicate that despite Gemini's actual receipt of the order on November 15, the service was not complete until November 17, which was four days after the mailing on November 13.

Both defendants contend that section 1.3 has no application to service of final orders of the Commission, because the section is entitled "Service of Pleadings," and an order is not a pleading. They also argue that application of section 1.3 is preempted by section 10.4 of the Commission's rules (56 Ill. Admin. Code, ch. XI, sec. 5300.1140 (1985)), which specifically provides for service of the Commission's order personally or by certified or registered mail but makes no statement as to when such service is complete. If section 1.3(c) is inapplicable, then the rules would have no provision stating when such service was complete, and the provision of section 3—103 of the Code of Civil Procedure would govern. That section provides that service by mailing is complete when the documents are deposited in the United States mail properly addressed. Under that provision, Gemini's time

for filing in the circuit court expired on December 18, 1984.

The use of the word "Pleadings" in the caption to section 1.3 is inaccurate and misleading. Apparently, the drafters of that section classified an order as a pleading, because in section 1.3(a) they referred to "motions, orders, notices and other pleadings." In any event, section 1.3(a) implies that the question of service of all orders is within the purview of section 1.3 and states that the method of service is to be governed by section 1.3(a) unless otherwise provided. Section 10.4 is not inconsistent with section 1.3(a) nor with any other portion of section 1.3. Section 10.4 requires that mailings of final orders of the Commission be by certified or registered mail. This is consistent with the provision of section 1.3(a) that the method of service there stated is not applicable if other rules provide for different methods of service.

Other provisions of section 1.3 are consistent with service of final orders of the Commission coming within its purview. Section 1.3(b) requires proof to be made to the Commission. Under section 1.3(c), the only requirements for the invocation of the four-day period between mailing and filing are that documents be properly addressed and posted. Regardless of whether the documents being mailed were governed by section 1.3(a) or the stricter requirements of section 10.4, they would all have to be properly addressed and posted.

We reject the contention that service of the order of the Commission was complete and the 35-day period commenced on November 15, 1984, when plaintiff's attorney actually received the order. Section 1.3(c) is couched in the mandatory language that service "shall be deemed complete four days after mailing." This is in contrast to the language of section 1.2 of the Commission's rules (56 Ill. Admin. Code, ch. XI, sec. 5300.20 (1985)), which speaks of computation of time to begin upon receipt of documents which are "presumed" to have been received four days after mailing. There the word "presumed" might be taken to indicate a rebuttable determination which could be negated by proof of actual receipt. None of the parties contend that section 1.2 is applicable here.

Despite the uncertainties and ambiguities of section 1.3, we hold it to be applicable to the computation of the 35-day period here. The defendants do not dispute the contention of Gemini that the rules of the Commission in regard to method of service of the Commission's order are the equivalent of express provisions of the Human Rights Act within the meaning of section 3—103 of the Code of Civil Procedure. That being so, we are reluctant to construe any possible ambiguities in the rules enacted by the Commission in its favor or to fore-

close review of its decisions.

We reverse the judgment appealed and remand to the circuit court of Champaign County for further proceedings.

Reversed and remanded.

WEBBER and MORTHLAND, JJ., concur.