KATHRYN RENNACKER, Plaintiff-Appellant and Cross-Appellee, v. VERNE RENNACKER, as Trustee and Residuary Beneficiary, *et al.*, Defendants-Appellees and Cross-Appellants.

Third District   No. 3—86—0712

Opinion filed June 23, 1987.

Hanson & Hanson, of Morris (Ellen C. Hanson, of counsel), for appellant.

Stephen H. Gunning, of Princeton, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Kathryn Rennacker, appeals from the judgment of the circuit court of Bureau County which denied her petition seeking removal of a trustee, her son, Verne Rennacker. The petition was filed incident to disagreements between Kathryn and Verne relating to the administration of the testamentary trust created by Kathryn's mother. The trust named Kathryn the sole income beneficiary and provided her with a life estate in the settlor's residence. In addition to being named trustee, Verne was also a residuary beneficiary of the trust. Verne cross-appeals from the award of $1,000 in attorney fees.

Testimony at the hearing indicated that the relationship between Verne and Kathryn was strained prior to the estate and trust matters. There was also evidence that Kathryn attempted to get information from Verne about her rights under the trust at various times but was never supplied that information. Kathryn is unable to contact Verne because he has an unlisted number which he refuses to give her. The residence had been sold prior to the termination of the life estate and Verne said that he had not made any attempts to see that his mother

had another place to live. He stated that "[i]t's my obligation to invest these funds and then provide here [sic] with the assets of that investment. And that is really the sum total of what I feel responsible for. That she gets those assets." The main items of trust property involved in the dispute are the settlor's residence and certain stocks kept in a safe deposit box.

The trust assets were distributed to Verne on September 3, 1985. Sometime after that date, Kathryn stated that she agreed to sell the house but believed that she would have help in locating another place to live. Kathryn signed a quitclaim deed to the buyer, but on the advice of her attorney, asserted a life estate in the property. On January 19, 1986, Verne executed a trustee's deed for sale of the house and asserted that he was authorized by the settlor's will to dispose of the house. Verne invested the proceeds of the house under his own social security number in the police credit union of which he is a member.

Kathryn filed a petition to remove the trustee on February 11, 1986. Before the petition was filed, Kathryn and her attorney had removed the stocks from the safe deposit box. Verne alleged that he demanded return of the stocks; however, no evidence was received to show such a demand was made or that Kathryn refused to return them. Apparently, Kathryn had removed the stocks in an attempt to force a conference to discuss the trust matters. A hearing was held on April 16, 1986. Kathryn tendered the stocks on that date and the meeting that day revealed Verne's investment of the proceeds of the house.

Kathryn stated that she received the first income monies from Verne on April 8, 1986. There was no letter or explanation for the check nor was there any information about when the income would be distributed. Verne made general allegations that his mother was a spendthrift but no specific instances were given. Verne also testified that he did not know whether Kathryn had ever received any of the income checks.

In its decision of June 27, 1986, the circuit court recognized the less than exemplary attitude and conduct of the trustee. The court found no fraud or misconduct but determined that the delay and manner in handling the trust warranted judicial supervision rather than removal of the trustee. Additionally, the court determined that the will provided a residence for Kathryn for her life, but did not provide for the distribution of the proceeds from the sale of that residence to her. Those proceeds were to be administered under subsequent provisions in the will. A separate hearing was held on the issue of attorney fees which resulted in the court's award of $1,000 to be paid from the

principal of the trust.

■ ■ While we agree with the finding of the circuit court that the trustee's conduct was less than exemplary, the law in Illinois is that personal hostility between a trustee and a beneficiary is not *per se* a ground for removal of a trustee. There must be proof that the relations are such as to interfere with the beneficial administration of the trust. (*Wylie v. Bushnell* (1917), 277 Ill. 484, 115 N.E. 618.) However, such hostility is a factor to be taken into consideration where the hostilities of the parties combine with other circumstances to render removal of the trustee essential to the interests of the beneficiary and the execution of the trust. (*Jones v. Bryant* (1917), 204 Ill. App. 609.) We believe the circumstances in this case dictate the removal of the trustee.

■ ■ A trustee must use care and diligence in the discharge of his powers and duties, is held to a high standard of conduct, and must exercise the utmost or highest good faith in the administration of the trust. (*In re Hartzell's Will* (1963), 43 Ill. App. 2d 118, 192 N.E.2d 697.) The trustee must keep in mind the beneficiary's interest and the trustee cannot do any act inconsistent with the beneficiary's interest irrespective of the trustee's good or bad faith. Further, good faith in the administration of a trust means the trustee must act honestly and with undivided loyalty to his trust, not merely with the standard of the workaday world, but with the most sensitive degree of honor. *Sauvage v. Gallaway* (1946), 329 Ill. App. 38, 66 N.E.2d 740.

■ In this case, the hostilities between the parties and the apparent unwillingness to communicate on a civil level indicate a deficiency in Verne's ability to act as a fitting trustee. This is also supported by Verne's claim that he had the power, under the will, to dispose of the trust residence. A trustee's sale of trust property with the consent of the beneficiary, whether a life tenant or income beneficiary, is not contrary to Illinois law, but at least raised a controversy in this case on how to carry out the purpose of the trust. The problem of how to distribute the assets of the trust was aggravated since the parties seemed unwilling or unable to communicate with each other. Additionally, Verne's action of investing the proceeds of the sale under his own social security number in the police credit union constitutes a questionable transaction at best. The order to file an annual accounting will not be sufficient to restore the integrity of the trust.

■ The next issue deals with the award of attorney fees to Kathryn. Although unambiguous on its face, construction of the trust agreement was necessary to determine the status and disposition of the proceeds of the sale of the residence. The question of attorney

fees rests within the sound discretion of the trial court (*Knight v. Bardwell* (1965), 32 Ill. 2d 172, 205 N.E.2d 249), and an award of fees will not be disturbed absent an abuse of that discretion. *Gemini Services, Inc. v. Martin* (1986), 141 Ill. App. 3d 17, 489 N.E.2d 1142.

■ This case presents a situation quite different from the normal type of litigation necessary to construe the ambiguous terms of a testamentary trust. The lack of communication between the parties contributed to Kathryn's lack of faith in her son and her belief that the trust was not being properly administered. Illinois case law holds that if a party, having a common interest in a trust fund, takes proper proceedings to save it from destruction and restore it to the purposes of the trust, then that party is entitled to an award of attorney fees either out of the fund itself or by proportional contributions from those who accept the benefits of the effort. (*State Life Insurance Co. v. Board of Education* (1948), 401 Ill. 252, 81 N.E.2d 877.) In doing so, the court must establish a sum that is reasonable and commensurate with the services rendered and the amount in controversy. (*Northern Trust Co. v. Winona Lake School of Theology* (1978), 61 Ill. App. 3d 966, 377 N.E.2d 1182.) We hold, therefore, that the trial court properly exercised its discretion in the award of attorney fees in this case.

■ Although the trial court's refusal to remove a trustee or to award fees will not be disturbed absent an abuse of discretion (*Gemini Services, Inc. v. Martin* (1986), 141 Ill. App. 3d 17, 489 N.E.2d 1142), those bounds were crossed in this case when the petition to remove the trustee was denied. Consequently, we will remand this in order that a successor trustee may be appointed.

For the foregoing reasons, the judgment of the circuit court of Bureau County is reversed and the case is remanded for the appointment of a successor trustee.

Reversed and remanded.

BARRY, P.J., and WOMBACHER, J., concur.