URBAN BRACKEN, Plaintiff-Appellant, v. GEORGE E. BLOCK *et al.*, as Independent Co-Ex'rs of the Estate of Alice Leahy, Deceased, Defendants-Appellees.

Third District   No. 3—89—0678

Opinion filed October 2, 1990.

Codo, Bonds, Zumstein & Konzelman, of Joliet (Bruce L. Zumstein, of counsel), for appellant.

Bell, Boyd & Lloyd, and Susan E. Woods, both of Chicago (Ari J. Rosenthal, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Urban Bracken appeals from a summary judgment entered in favor of the defendants, George E. Block and Harris Trust & Savings Bank, co-executors of the estate of Alice Leahy. Plaintiff filed this suit to recover one-half the proceeds from the sale of the home

where Alice Leahy resided during her lifetime.

The parties submitted this case to the trial court on cross-motions for summary judgment, agreeing that the material facts are not in dispute. John Leahy and Alice Leahy were brother and sister, both unmarried, who lived together and who held all their property in common. When John died in 1968, he left all his property in trust to his sister Alice as trustee for the benefit of the same Alice Leahy.

His will provided that the trustee was to pay the entire income of the trust to his sister Alice as long as she lived, and also provided:

> "The Trustee shall also pay to my said sister as much of the principal of my Trust Estate as she in her sole judgment deems necessary or advisable to assure her care, comfort, support, maintenance and medical attention."

The will gave the trustee broad powers to deal with the trust property, including the power "to sell at public and private sale, exchange, lease, mortgage or pledge any property, real or personal at any time constituting a portion of my Trust estate, upon such terms and conditions as the Trustee shall deem wise."

The will also provided that at the death of Alice the principal of the trust was to be distributed to various charitable organizations except that John's one-half interest in the Leahy home was to go to plaintiff. Alice owned the other one-half interest in the home which passed to the beneficiaries of her will, Dr. George Block and Mary Block.

The income from the trust assets was insufficient for Alice's support and care, and beginning in 1972, the trust principal was encroached each year to pay her living expenses until the principal was exhausted in early 1978. In 1975, Alice as trustee sold the undivided one-half interest in the home to herself individually for $17,500 which was one-half the appraised value of the home. The proceeds of the sale were placed in the trust and withdrawn for her living expenses in due course.

After Alice's death in 1987, the home was sold for $70,000. In response to plaintiff's claim that, as holder of the remainder interest under John's will, he is entitled to one-half the proceeds of sale, the amount of $37,500 has been held in escrow pending the outcome of this litigation.

The issue presented by this appeal is whether the sale of one-half interest in the Leahy home by Alice as trustee to herself individually was voidable because of the conflict between her self interest and her fiduciary obligations as trustee.

■ As a general rule, a trustee may not profit or gain any advan-

tage from dealings with the trust property and may not take a position where his or her personal interests conflict with those of the trust's beneficiaries. (*Childs v. National Bank* (7th Cir. 1981), 658 F.2d 487.) The court in *Childs* further stated:

> "There is, however, a well-recognized exception to the general rule in Illinois that a trustee may not place himself in a position where his interests may conflict with the interests of the trust property. When the conflict of interest is contemplated, created, and expressly sanctioned by the trust instrument, the conflict may be permitted to exist." 658 F.2d at 490.

The exception to the rule against self-dealing by a trustee, as noted in *Childs*, is actually an extension of the general principle that courts are to determine the settlor's intent and give effect to that intention if it is not in conflict with an established rule of law or of public policy.

John Leahy made his sister Alice both trustee and the primary beneficiary of the trust, and as trustee she was given broad powers to invade the principal, to sell the trust property, and to do all other acts as she judged necessary or desirable to carry out the purposes of the trust. When the only asset remaining in the trust was a one-half interest in the home where Alice resided, the sale of that interest was judged necessary in order to apply the proceeds to the trust purpose, *i.e.*, to pay the living expenses of Alice.

■ Plaintiff argues that Alice could have left the real property in the trust and continued to live in the home instead of selling it to herself. Admittedly she could have done that. However, in the exercise of her judgment as trustee, the depletion of the trust may have seemed more appropriate. The trust no longer had income or other assets from which to pay the expenses related to administration of the trust or even to pay the taxes on the real estate. By closing out the trust, Alice eliminated the fees and expenses required to administer the trust.

■ Plaintiff further argues that John Leahy did not expressly authorize Alice to engage in self-dealing to the detriment of plaintiff, who was also a beneficiary under the trust. The structure of John Leahy's testamentary plan, as set out in his will, plainly discloses his intention to provide for the support of his sister Alice Leahy as the primary purpose of the trust. A similar situation arose in *Duvall v. La Salle National Bank* (1988), 177 Ill. App. 3d 770, where decedent's will created a trust for the benefit of her husband and granted the trustee bank an unqualified power to lease the trust property. Another provision of the will stated that her farms were to be rented to

her nephew if he survived her. The latter provision was held to be precatory, not mandatory, because her will "clearly reveals that her primary dispositive intention was the preservation of her residuary estate for the benefit of her husband, not the continuance of her nephew's tenancy." (177 Ill. App. 3d at 772.) The case before us also presents a situation where the "primary dispositive intention" of the decedent takes precedence over the interest of a secondary beneficiary.

The present case is distinguishable from those cases cited by plaintiff where a trustee's profits from a self-interested transaction with estate property were not approved by the courts. In both *In re Estate of Allison* (1986), 140 Ill. App. 3d 183, 488 N.E.2d 1035, and *Kinney v. Lindgren* (1940), 373 Ill. 415, 26 N.E.2d 471, the primary beneficiaries of the trusts were persons other than the trustees. Here the opposite is true.

■ Plaintiff has provided evidence that Alice Leahy used the trust income and principal for her support rather than her own property. This does not change the stated purpose of John Leahy to provide for the support and comfort of Alice from his property. The applicable rule was stated in *Nielsen v. Duyvejonck* (1968), 94 Ill. App. 2d 224, 231, 236 N.E.2d 743, 746:

> "Where the power to invade the corpus for maintenance and support creates an absolute charge on the corpus, *** it is held that the donee of the power is entitled to look solely to the corpus for maintenance and support, notwithstanding that such donee may have income and assets of his own."

In other words, Alice was not required to deplete her own assets before exercising her power to invade the trust principal.

■ Plaintiff does not contend that Alice acted in bad faith or fraudulently or that she abused her discretion as trustee. We conclude that Alice Leahy's sale of the trust's one-half interest in the Leahy home to herself was a proper exercise of her discretion as trustee under John Leahy's will. Consequently, we affirm the judgment entered in favor of defendant in the circuit court of Will County.

Affirmed.

GORMAN and STOUDER, JJ., concur.