*In re* ESTATE OF PRASAD L. MUPPAVARAPU, Deceased (Padmaja Raecharla, Indiv. and as Co-Trustee Under the Muppavarapu Family Trust, Plaintiff-Appellant, v. Srinivas Rao Kudaravalli, in His Capacities as Ex'r of the Estate of Prasad L. Muppavarapu, and as Co-Trustee of the Muppavarapu Family Trust, *et al.*, Defendants-Appellees).

Third District   No. 3—04—0969

Opinion filed August 31, 2005.

Philip E. Koenig (argued), of Rock Island, for appellant.

Daniel Churchill (argued), of Churchill & Churchill, of Moline, for appellee Srinivas Rao Kudaravalli.

Robert T. Park (argued), of Snyder, Park & Nelson, P.C., of Rock Island, for appellee Chittaranjan Mallipeddi.

JUSTICE BARRY delivered the opinion of the court:

This appeal arises from an order of the circuit court of Rock Island County granting summary judgment in favor of defendants on two counts of plaintiff's complaint. Plaintiff appeals. We reverse and remand.

## I. FACTS

Prasad L. Muppavarapu (decedent), died on April 19, 1999. Decedent's will created a testamentary trust naming his wife, Padmaja Raecharla, plaintiff herein, as a co-trustee, Srinivas Rao Kudaravalli (Sri), decedent's nephew, as executor of the will and as a co-trustee, and Chittaranjan Mallipeddi (CM), the husband of decedent's niece, as a co-trustee. The trust stated that it was established to provide for the medical care and education of plaintiff and decedent's nieces and nephews. The trustees were to serve without compensation according to the terms of the trust. In July 1999, plaintiff and CM signed an agreement to give Sri authority to make all investment and financial decisions for the testamentary trust. Two years later, on July 25, 2001, plaintiff withdrew this authority in a letter to Sri and CM.

Plaintiff filed a three-count complaint against Sri and CM. Plaintiff was awarded summary judgment as to count I and it is not the subject of this appeal. Count II was brought against Sri and CM alleging that they breached their fiduciary duties by failing to choose investments that would permit for payments for educational and medical needs of the beneficiaries, and by making investments that caused significant depreciation of the trust. It sought recovery of the loss of value of the corpus, an order for payment of plaintiff's medical and educational expenses, and removal of codefendants as trustees. Count III alleged breach of fiduciary duty by defendants and self-dealing by Sri in that Sri, with the cooperation of CM, borrowed $400,000 from the trust and was guilty of self-dealing. Plaintiff sought recovery of the borrowed funds and removal of defendants as trustees.

Plaintiff served defendants with interrogatories and requested oral depositions on July 14, 2004. Defendants filed their motion for summary judgment on counts II and III on July 16, 2004, alleging that, as to count II, plaintiff could not show bad faith. As to count III, they alleged that the funds had been repaid with interest (at $3^{1}/_{2}\%$) so there was no basis for liability. Defendants' motion was supported by affidavits from Sri and CM stating that all investments were made in good faith and that the loans had been repaid.

On July 19, 2004, plaintiff filed a motion to compel discovery and to continue a hearing on the motion for summary judgment. In the motion, plaintiff stated that responses to discovery were necessary in order to effectively respond to the motion for summary judgment. Defendants responded that it was too costly to pay attorney fees for discovery and asked the court to decide the motion for summary judgment before ordering discovery. On August 4, 2004, the court denied the motion to compel discovery and stayed discovery until after the hearing on the summary judgment motion.

On August 18, 2005, plaintiff filed her response to the motion for summary judgment coupled with her own affidavit discussing defendants' failure to make payments for her education, Sri's loan to himself, and facts regarding the large losses following investments in two technology companies. Plaintiff alleged that Sri would not pay for her health insurance so she had none. He allegedly told her to use the life insurance proceeds to pay for health insurance even though the trust's specific purpose was for medical and educational needs. Plaintiff further alleged that she repeatedly asked Sri for information regarding the trust accounts but she did not receive it. Plaintiff alleged that Sri admitted to her that he had taken cash from her personal funds to pay margin calls on his personal account and the trust account. She further alleged that she was in the United States in

April 2000, when Sri first borrowed money from the trust, although he stated that she was out of the country so he could not consult with her regarding the loan.

Plaintiff also attached the affidavit of James K. Say, which stated that he had been a trust administrator for a bank for over 20 years and that he had reviewed the investments made by Sri and found them unsuitable because they had no income stream to make distributions to the beneficiaries and they were excessively risky for trust investment. He also stated that Sri's loan to himself violated the trustee's duty of loyalty. Defendants filed a motion to strike the late-filed pleadings, but this motion was denied.

On August 25, 2004, the trial court entered summary judgment for defendants on counts II and III. The judge stated that in order to succeed in her claim that defendants violated their fiduciary duties, as per the terms of the trust, plaintiff would have to demonstrate that defendants acted in bad faith. The judge found that plaintiff did not set forth facts demonstrating bad faith. Since there was no evidence of bad faith, the court found that there was no genuine issue of material fact for trial.

Although the trial judge chastised plaintiff for filing her response to defendants' motion for summary judgment on the morning of the hearing, the judge stated that he considered plaintiff's pleadings in reaching his decision.

## II. ANALYSIS

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002); *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315, 821 N.E.2d 269, 275 (2004). Our standard of review is *de novo. Home Insurance Co.*, 213 Ill. 2d at 315, 821 N.E.2d at 275.

Following a thorough review of the record and viewing it in the light most favorable to plaintiff, we determine that there is a genuine issue as to the material facts so that defendants were not entitled to judgment as a matter of law. Factual issues exist regarding both the allegation of breach of fiduciary duty and the allegation of self-dealing.

The trial judge was incorrect in his finding that plaintiff did not set forth facts demonstrating bad faith which would indicate a breach of fiduciary duty. In her affidavit, which the trial judge stated he considered, plaintiff alleged that Sri refused to make distributions to her for her health or education, which was the stated purpose of the

trust. Plaintiff alleged that Sri failed to provide her with an accounting of the investments, which she began requesting in April 2000. It was during that month that Sri made his first loan to himself from the trust account. Sri alleged that plaintiff was unavailable for consultation regarding the loan because she was out of the country in April 2000. Plaintiff alleged that she was in the country during April 2000 and that she was also in the country during November and December 2000 when Sri made further loans to himself, contrary to Sri's representation. Finally, plaintiff alleged that Sri told her that he had margined investments in the trust account and had used money from plaintiff's personal accounts to pay the margin calls on the trust account.

Additionally, the affidavit of James K. Say stated that he reviewed the investments made by Sri and found them unsuitable because they had no income stream to make distributions to the beneficiaries and they were excessively risky for trust investment. All of these allegations, when viewed in a light most favorable to plaintiff, create a genuine issue as to whether fiduciary duties were breached.

Moreover, plaintiff was not even allowed to pursue discovery prior to the hearing on the motion for summary judgment, in order to fully develop any factual issues that existed. The trial judge should have at least allowed her that opportunity before deciding that no genuine issue of material fact existed to support her complaint.

■ Regarding the allegation of self-dealing, the trial judge's finding of good faith based upon the fact that Sri paid back the loan after plaintiff became aware of it is contrary to Illinois law. Illinois case law supports holding trustees to a higher standard of good faith.

"Generally, a trustee owes a fiduciary duty to a trust's beneficiaries and is obligated to carry out the trust according to its terms and to act with the highest degrees of fidelity and utmost good faith. [Citation.] Further, a trustee owes a fiduciary duty to serve the interest of the beneficiaries with total loyalty, excluding all self-interest, and is prohibited from dealing with the trust's property for her individual benefit. [Citation.]" *Giagnorio v. Emmett C. Torkelson Trust*, 292 Ill. App. 3d 318, 325, 686 N.E.2d 42, 46 (1997).

Further, in *Rennacker v. Rennacker*, 156 Ill. App. 3d 712, 715, 509 N.E.2d 798, 800 (1987), this court stated:

"A trustee must use care and diligence in the discharge of his powers and duties, is held to a high standard of conduct, and must exercise the utmost or highest good faith in the administration of the trust. [Citation.] The trustee must keep in mind the beneficiary's interest and the trustee cannot do any act inconsistent with the beneficiary's interest irrespective of the trustee's good or bad

faith. Further, good faith in the administration of a trust means the trustee must act honestly and with undivided loyalty to his trust, not merely with the standard of the workaday world, but with the most sensitive degree of honor. *Sauvage v. Gallaway* (1946), 329 Ill. App. 38, 66 N.E.2d 740." *Rennacker v. Rennacker*, 156 Ill. App. 3d 712, 715, 509 N.E.2d 798, 800 (1987).

■ Defendant's argument that he meets the exception to this rule is unpersuasive. In *Bracken v. Block*, 204 Ill. App. 3d 23, 26, 561 N.E.2d 1273, 1274 (1990), this court stated that where the trust instrument contemplates, creates, and expressly sanctions conflicts of interest between the trustee's interests and those of the trust property, the conflict may be allowed to exist. Sri contends that the decedent anticipated a conflict regarding Sri in his capacity as trustee and in his capacity as beneficiary of the trust. If Sri had been disbursing money to himself as a beneficiary to pay for health and medical expenses, then, perhaps, this potential conflict would have been an issue because Sri, as trustee would have been giving himself money as a beneficiary. However, Sri took personal loans amounting to a significant portion of the trust for his own personal use that had nothing to do with the stated purpose of the trust and nothing to do with his role as a beneficiary. Because the trust was depleted by Sri, these funds were not available for the medical and educational needs of the beneficiaries for several years. Therefore, these personal loans do not seem to be consistent with the beneficiaries' interests or taken with undivided loyalty to the trust. Furthermore, there is evidence that Sri was less than truthful when he stated that plaintiff was unavailable for consultation regarding the loans, further demonstrating bad faith and self-dealing on his part.

In that plaintiff stated multiple facts in her affidavits which would support a finding of bad faith, and thus a breach of fiduciary duty and self-dealing, the trial judge improperly granted summary judgment to the defendants on counts II and III.

## III. CONCLUSION

For the reasons stated, the trial judge's award of summary judgment to the defendants is reversed and this matter is remanded to the circuit court for further proceedings consistent with this order.

Reversed and remanded.

SLATER, P.J., and HOLDRIDGE, J., concur.