2023 IL App (1st) 221084-U

No. 1-22-1084

Order filed November 1, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOSEPH KROL, as Executor of the Estate of Dorothy Krol, Deceased, Former Beneficiary of the Zenon J. Krol Revocable Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21 CH 1118 |
| | ) | |
| LAURA DAVIS, Individually, as Sole Trustee and Contingent Beneficiary of the Zenon J. Krol Revocable Trust, | ) ) ) | |
| | ) | Honorable |
| | ) | Anna H. Demacopoulos, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in denying plaintiff's request that his attorney fees be paid from defendant's share of trust corpus.

¶ 2    In the proceedings below, Dorothy Krol initiated an action for accounting and breach of fiduciary duty against her daughter, defendant Laura Davis, the trustee of a revocable trust of

which Dorothy was the sole beneficiary. Following Dorothy's death, her son and executor of her estate, Joseph Krol, was substituted as the plaintiff. The only issue before us in this appeal is whether plaintiff is entitled to recover attorney fees from defendant's share of a trust corpus that were incurred in the litigation regarding the trust.

¶ 3 For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4 I. BACKGROUND

¶ 5 On April 28, 1993, Zenon J. Krol (Krol) established a revocable trust with himself as the trustee. Following his death on July 27, 2008, his daughter, defendant, became the successor trustee. At any time that Krol was not the trustee, the trust was required to pay Dorothy, his wife and the trust beneficiary, the net income of the trust, and "so much of the principal thereof as the trustee from time to time believes desirable for her reasonable support and health considering her other resources known to trustee."

¶ 6 In any calendar year, Dorothy also had the right to withdraw an amount of principal not exceeding $5,000 or 5% of the trust's principal, whichever was greater. This right was noncumulative and the right to receive a distribution for any calendar year lapsed at the end of that calendar year. By the terms of the trust, Dorothy's death would terminate the trust and the principal would be distributed among Krol's three children.

¶ 7 Between 2018 and 2020, Dorothy made multiple requests for distributions of 5% of the trust's principal. A 2018 request for a 2017 distribution was denied as untimely. A 2018 request for a 2018 distribution was honored and the funds were distributed. A 2018 request for a

_____

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

distribution for the 2019 calendar was also rejected as being untimely. In December of 2020, Dorothy requested a distribution for the 2020 calendar year, which was also initially not honored.

¶ 8    On March 9, 2021, Dorothy filed a complaint for accounting and breach of fiduciary duty, which alleged that defendant repeatedly failed to provide a full accounting of the trust's assets and tax returns for 2017, 2018, 2019, and 2020. The complaint also alleged that defendant failed to prudently invest the trust's assets and make requested distributions in 2017, 2018, 2019, and 2020. By July of 2021, defendant had provided an accounting of the trust's assets for 2017, 2018, 2019, and 2020.

¶ 9    The record reflects that defendant raised concerns that Dorothy was no longer capable of independently managing her affairs, and a letter written by defendant's attorney on June 16, 2021, claimed that, "the Judge very clearly stated at the last hearing that the Trustee has an obligation to inquire about Dorothy's use of the funds in light of her age and circumstances. In light of the Court's position, we will look to obtain clarity from the Court to ensure the Trustee acts in line with her fiduciary duties."[2] Plaintiff's counsel sent an email the same day disputing that the trial court had made any such statements.

¶ 10    Ultimately, after defendant sought the intervention of the trial court, the trial court ordered defendant to issue Dorothy's requested 2019 and 2020 distributions. Following that order, the trial court also granted a request for the parties to engage in mediation.

¶ 11    Dorothy died on December 24, 2021, which resulted in the termination of the trust and distribution of its remaining assets with 25% going to plaintiff and 70% going to defendant.[3]

_____

[2] The record on appeal does not contain any transcripts regarding this court date.

[3] Zenon and Dorothy Krol had a third child, Judith, who died in August 2009. The remaining 5% of the trust's assets were distributed to Judith's heir.

Dorothy's own estate, which the record reflects was valued at least as high as $1 million, passed to plaintiff. Plaintiff was subsequently substituted as executor of Dorothy's estate and he filed an amended complaint for accounting and breach of fiduciary duty on February 7, 2022. Like the original complaint, the amended complaint alleged that defendant breached her fiduciary duty by failing to provide an accounting of the Krol trust's assets in 2017, 2018, 2019, and 2020 and by failing to make requested distributions.

¶ 12    The same day, plaintiff filed a petition for attorney fees in the amount of $58,014.72, requesting that they be paid from defendant's portion of the Krol trust corpus. That petition claimed that these fees were incurred as a result of defendant's multiple breaches of her duty in administering the trust and failing to make required distributions. Plaintiff also sought to compel defendant to issue a distribution for 2021 to Dorothy's estate.

¶ 13    At a hearing on June 21, 2022, the trial court denied plaintiff's petition to compel a distribution, reasoning that with Dorothy's death, there was no longer a trust from which to issue a distribution and the trust itself did not provide for a power of appointment for such a distribution. The trial court also denied plaintiff's petition for attorney fees.

¶ 14    The trial court disagreed with plaintiff's argument that the suit was necessary to preserve the corpus of the trust, as plaintiff made no allegations that defendant used the corpus of the trust fraudulently or for her own self-dealing. To the contrary, the trial court said that defendant, as the record reflects, repeatedly sought the trial court's advice when making distributions because she was concerned about undue influence on the beneficiary.

¶ 15    The trial court also explained that there were no allegations that Dorothy suffered as a result of the alleged failure to make distributions, "therefore the only allegations here are—without any

proof that has been presented is basically siblings that were trying to leverage their positions right before their mother's passing which I can only imagine is extremely stressful and painful."

¶ 16    Plaintiff filed a notice of appeal on July 20, 2022. The following day, the trial court granted plaintiff's motion to voluntarily dismiss plaintiff's amended complaint and made a finding that its June 21, 2022, order was final and appealable and that no just reason existed for delay of the enforcement or appeal of that June 21, 2022, order.

¶ 17                                   II. ANALYSIS

¶ 18    We are confronted with one primary issue in this appeal: whether the trial court abused its discretion in denying plaintiff's request for his attorney fees to be paid out of defendant's share of the trust. However, we must first also address defendant's claim that plaintiff failed to comply with Supreme Court Rule 341.

¶ 19                          A. Compliance with Rule 341

¶ 20    Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires parties to include a statement of facts, "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate references to the pages of the record on appeal." The appellant's brief is woefully devoid of citations. In its three-page statement of facts, the appellant's brief cites the record on appeal only three times. The argument section, which is less than two pages, also contains no citations to the record as required by Rule 341(h)(7), nor does it contain any argument.

¶ 21    The five paragraphs of the argument section recite case law and statutes, and offer several conclusory claims. But they are devoid of any argument that applies legal principles to the facts of

this case or explains why plaintiff was entitled to attorney fees or why the trial court abused its discretion.

¶ 22    "A reviewing court is entitled to have the issues clearly defined with pertinent authority and is not simply a depository into which the appealing party may dump the burden of argument and research." *People v. Oglesby*, 2016 IL App (1st) 141477, ¶ 205. As such, Rule 341(h)(7) requires that an appellant's brief contain argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *Id.* The failure to cite any authority or to articulate an argument will result in forfeiture of that argument on appeal. *Id.*

¶ 23    Plaintiff's reply brief does not fare much better as it supplies only several sentences of actual argument as to why he should prevail. Nevertheless, because the issues are simple and the appellee's brief sufficiently summarizes this case and the issues, we will not penalize plaintiff for his counsel's lapses. *See Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999) (declining to penalize plaintiff for counsel's failure to comply with Rule 341 because the issues were simple, and the appellee's brief provided a summary of the relevant testimony).

¶ 24                                    B. Attorney Fees

¶ 25    The ultimate issue in this case, then, is whether the trial court erred by denying plaintiff attorney fees paid from defendant's share of the trust corpus. The trial court's decision whether to grant attorney fees is reviewed for an abuse of discretion. *Trustees of Wheaton College v. Peters*, 286 Ill. App. 3d 882, 886 (1997); *Rennacker v. Rennacker*, 156 Ill. App. 3d 712, 715-16 (1987). But the abuse of discretion standard does not simply ask if the trial court was incorrect or if we disagree with the trial court. *Pierce v. Cherukuri*, 2022 IL App (1st) 210339, ¶ 19. Instead, it asks

if the trial court acted arbitrarily, without employing conscientious judgment, or whether, in view of all the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. *Id.* Based on the record before us, we hold that the trial court did not abuse its discretion by denying plaintiff's request for attorney fees.

¶ 26    Illinois follows the "American Rule," which prohibits a prevailing party from recovering its attorney fees from the losing party absent an express statutory or contractual provision. *Oak Forest Properties, LLC v. RER Financial, Inc.*, 2018 IL App (1st) 161704, ¶ 12. A prevailing party is one that is successful on a significant issue and achieves some benefit in bringing suit. *Id.* ¶ 13.

¶ 27    Although plaintiff was not even a prevailing party and was not successful on any of the claims in his complaint, he nevertheless insists that the American Rule does not apply here and that, by way of statutory provisions and precedent, principles of equity entitle him to attorney fees. Two of the provisions upon which plaintiff relies, 755 ILCS 5/27-1 (West 2020) and 755 ILCS 5/27-2(a) (West 2020), originate from the Probate Act of 1975. These cannot entitle plaintiff to relief as this is not a probate case. Plaintiff also relies upon one provision from the Illinois Trust Code, 760 ILCS 3/1004 (West 2020), which states that in judicial proceedings involving a trust, the trial court, "as equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." 760 ILCS 3/1004.

¶ 28    Plaintiff further cites another equitable exception found in *Rennacker*, which provides that a party may be entitled to attorney fees if it "takes proper proceedings to save [a trust fund] from destruction and restore it to the proper purposes of the trust." *Rennacker*, 156 Ill. App. 3d at 716

(*citing State Life Ins. Co. v. Board of Ed. of Chicago*, 401 Ill. 252, 258 (1948)). Thus, any possible exception to the American Rule here was a discretionary equitable remedy.

¶ 29    In *Rennacker*, the plaintiff petitioned to remove her son as trustee for a trust of which plaintiff was the sole beneficiary. *Rennacker*, 156 Ill. App. 3d at 713. After an evidentiary hearing, the trial court ruled that no fraud or misconduct took place. *Id*. at 714. However, because of the "less than exemplary attitude and conduct" of the trustee, the trial court found that judicial supervision of the trust was warranted. *Id*. The trial court also awarded attorney fees in the amount of $1,000. *Id*.

¶ 30    Significant differences in *Rennacker* distinguish it from the case at bar. The trial court's decision in *Rennacker* followed an evidentiary hearing that culminated in a ruling and factual findings about the trustee's improper behavior, which included the sale of trust property without consent of the beneficiary and transactions that were, at best, "questionable." *Id*. at 713-14. No hearing with sworn testimony ever took place in this case and, despite plaintiff's claims that defendant would have continued to improperly administer the trust but for the litigation, the trial court made no findings that defendant did anything improper or engaged in any actions in bad faith. To the contrary, the trial court noted that defendant repeatedly sought the trial court's advice before issuing distributions to ensure there was no breach of fiduciary duty because she was concerned that plaintiff was exerting undue influence on Dorothy. Moreover, the trial court stated that defendant had been unable to perform some of her duties as trustee because Dorothy ignored defendant's seventeen separate attempts to communicate.

¶ 31    Furthermore, while the trial court has discretion to order a trust to pay attorney fees where the plaintiff's action in bringing a lawsuit somehow confers a benefit on the trust, it will not award

fees where plaintiff seeks personal benefits. *Laubner v. JP Morgan Chase Bank, N.A.*, 386 Ill. App. 3d 457, 468 (2008).

¶ 32    The entirety of plaintiff's suit was aimed at enforcing personal benefits rather than saving the trust from destruction. *Rennacker*, 156 Ill. App. 3d at 716. Plaintiff, and Dorothy before him, sought to obtain complete accountings of the trust's assets and sought distributions that Dorothy was entitled to request, both of which were tied to Dorothy's personal benefits and rights as the trust's beneficiary. The underlying action was not initiated to save the trust from destruction and plaintiff never established that defendant behaved improperly or otherwise engaged in conduct that was destroying the trust.

¶ 33    Plaintiff also insists that the results of a mediation that ultimately took place before Dorothy's death demonstrate the litigation below benefitted the trust. Ironically, when defendant referenced a document that outlined the results of that mediation in the proceedings below, plaintiff insisted that any reference to this document was improper because it was confidential and, more importantly, preliminary.

¶ 34    Regardless, the results of that mediation do not change the fact that the essence of the allegations in this case were attempts to enforce Dorothy's personal benefits as provided by the trust, rather than confer a benefit upon the trust or save it from destruction. *Laubner*, 386 Ill. App. 3d at 468; *Rennacker*, 156 Ill. App. 3d at 716. As the trial court put it, the situation that presented itself below was "basically siblings that were trying to leverage their positions right before their mother's passing."

¶ 35    Plaintiff essentially contends that it would have been equitable for the trial court to award him attorney fees even though he failed to allege any wrongdoing on defendant's part that would

have resulted in the trust's destruction and failed to prove any of his allegations. In an exercise of its discretion, the trial court concluded that these circumstances did not warrant payment of plaintiff's attorney fees from defendant's share of the trust corpus. We find no error with the trial court's reasoning, let alone an error that exceeded the bounds of reason and ignored recognized principles of law. *Pierce*, 2022 IL App (1st) 210339, ¶ 19.

¶ 36    Accordingly, the trial court did not abuse its discretion by denying plaintiff's request that attorney fees be paid out of defendant's share of the trust corpus.

¶ 37                                III. CONCLUSION

¶ 38    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 39    Affirmed.