ERVIN PRUETER, Plaintiff-Appellant, *v.* BERNICE PRUETER BORK, Indiv. and as Ex'r of the Estate of Herman Prueter, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-2040

Opinion filed November 4, 1981.—Modified on denial of rehearing May 19, 1982.

Leon E. Lindenbaum and Darwin P. Bromley, both of Chicago (Walsh, Case, Coale, Brown & Burke, of counsel), for appellant.

Gerald J. Mannix, Richard H. Kane, and Deborah J. Kottel, all of Chicago (Swanson, Ross, Hanfling & Block, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Ervin Prueter, brought this action against his sister, Bernice Bork, individually, as executor of the estate of their deceased father Herman Prueter, and as trustee of Prueter Trust No. 3. Other beneficiaries of the trust, Melinda Bork, Maureen Bork, and Marilyn Bork were also named as defendants. Plaintiff alleged that he had a right to certain trust property based on various theories: breach of contract; promissory estoppel; breach of fiduciary duty; and allegations challenging the authenticity of the trust document itself. After a trial without a jury judgment was entered for defendants. Plaintiff appeals.

During his lifetime, Herman Prueter set up a series of trusts for the benefit of his two children, plaintiff and Bernice, designating himself as trustee. The original Prueter Trust, dated March 23, 1939, named plaintiff as the sole beneficiary. Plaintiff had the right to all income as well as the proceeds from any disposition of trust assets. In addition, plaintiff had the power to alter, amend or revoke this trust. A similar trust, Prueter Trust No. 2, dated January 20, 1951, designated Bernice as sole beneficiary with the same rights and powers as plaintiff had in the Prueter Trust.

In May 1965 Herman visited plaintiff in his home and, in the presence of plaintiff's wife and children, asked him to "sign off" on the Prueter Trust. Herman explained that he had acquired additional real estate and wanted to set up a new trust which would divide the property equally between plaintiff and Bernice. Plaintiff then signed two documents, one

revoking his interest in the Prueter Trust and directing the trustee to convey the assets to Edwin D. Lawler; and the other directing Lawler to convey the assets to Herman as trustee of Prueter Trust No. 3. Plaintiff, his wife and children all testified that plaintiff did not read the documents before signing them. Bernice executed similar directions under Prueter Trust No. 2, and both plaintiff and Bernice signed Prueter Trust No. 3 as beneficiaries.

We first consider plaintiff's contention that the trial court erred in failing to find that Herman, as trustee of Prueter Trust, breached his fiduciary duty to plaintiff, as beneficiary, when he asked plaintiff to revoke that trust in favor of the later trust. Plaintiff also argues that the court erred in not imposing a constructive trust on all the property which was part of the Prueter Trust and in not ordering Bernice to render an accounting as to such property.

■■ The duty of loyalty owed by a trustee to a beneficiary in a trust relationship is more intense than in any other fiduciary relationship. (*Sauvage v. Gallaway* (1946), 329 Ill. App. 38, 66 N.E.2d 740.) Such duty prohibits the trustee from seeking any benefit for himself during the course of that relationship. (*Suchy v. Hajicek* (1936), 364 Ill. 502, 4 N.E.2d 836.) Where the trustee does benefit from a transaction with a beneficiary, such transaction is presumed to be fraudulent. The conclusion is not conclusive but may be rebutted by clear and convincing proof that the transaction was fair and that the trustee did not breach his duty of loyalty to the beneficiary. *Curtis v. Fisher* (1950), 406 Ill. 102, 92 N.E.2d 327.

While the trial court properly recognized that a fiduciary relationship existed as a matter of law between Herman as trustee of Prueter Trust, and plaintiff as its sole beneficiary, it erred in finding that Herman did not benefit from plaintiff's revocation of Prueter Trust. Consequently, the court failed to shift to defendants the burden of proving the fairness of the transaction. Under the original trust plaintiff had the "right to receive the proceeds from income, sales or other disposition of assets * * *." In addition he held the power to "alter, amend or revoke * * * and [to] withdraw any parcel of real or personal property." Defendants' theory that these powers were illusory has no merit. Although in the original trust Herman did retain the power of trustee "to sell any of the trust property on any terms, [and] to convey with or without consideration * * *," his power to so deal with the property was strictly limited by his fiduciary duties of care and loyalty to plaintiff as beneficiary. All transactions were required to be solely for plaintiff's benefit.

Conversely, in Prueter Trust No. 3, it was Herman, not plaintiff, who had the power to "alter, amend or terminate * * * [the] trust and * * * [to] withdraw any * * * property therefrom * * *." Likewise, it was Herman, not plaintiff, who had the present right to all trust income.

Although plaintiff was initially named as a beneficiary of Prueter Trust No. 3, he had no right to receive income during Herman's lifetime. Furthermore, plaintiff's future rights to trust property were at all times subject to Herman's right to revoke, a right which Herman did exercise, thus depriving plaintiff of all trust benefits.

When plaintiff revoked the original trust and directed the assets to be transferred to Prueter Trust No. 3, plaintiff suffered a detriment while Herman profited. Since a fiduciary relationship existed between them, this transaction is presumed to be fraudulent. The burden was on defendants to show the fairness of the transaction so as to negate the presumption that Herman breached his fiduciary duty of loyalty to plaintiff. Defendants completely failed to meet this burden.

Important factors in determining whether a particular transaction is fair include a showing by the fiduciary that he made a full disclosure of all relevant information to the subservient party; that the consideration was adequate; and that the principal had competent and independent advice before completing the transaction. (*Curtis v. Fisher* (1950), 406 Ill. 102, 92 N.E.2d 327.) Plaintiff was not informed of the difference between his rights under Prueter Trust and Prueter Trust No. 3. Herman's failure to disclose to him this relevant information was fatal to the validity of this transaction. Nor did plaintiff receive any advice prior to executing the documents. Furthermore, a comparison of the interest plaintiff received in Prueter Trust No. 3 with that surrendered by him in Prueter Trust reveals that the consideration was inadequate.

Citing *Simpson v. Adkins* (1941), 311 Ill. App. 543, 37 N.E.2d 355, and *Pernod v. American National Bank & Trust Co.* (1956), 8 Ill. 2d 16, 132 N.E.2d 540, defendants argue that since plaintiff had an opportunity to read the documents and to ascertain the facts for himself he cannot now complain because he failed to do so. Both cases are clearly distinguishable from the present case. In *Simpson* no fiduciary relationship existed. While in *Pernod* there was a fiduciary relationship, the trustee did not profit by the terms of the trust and thus no presumption of invalidity arose. Failure to read a document is normally no excuse for a party who signs it. Where however, as here, a fiduciary relationship exists and where the dominant party benefits from execution of the document by the subservient party, a presumption of invalidity arises. The burden was on defendants to show that plaintiff revoked Prueter Trust with full knowledge of the facts, including knowledge of the legal effect of his signature on the relevant documents. (*In re Estate of Lightner* (1967), 81 Ill. App. 2d 263, 225 N.E.2d 417; G. Bogert, Trusts and Trustees §941, at 389-91 (2d ed. 1962).) Defendants have failed to meet this burden.

Defendants also maintain that plaintiff's signature on two subsequent documents, an amendment to the trust and a petition for a condemnation

proceeding, to both of which a copy of Prueter Trust No. 3 was attached, indicate his consent to or ratification of the terms of the trust. Absent a showing by defendants that plaintiff had full knowledge of the trust terms when he executed these documents these transactions enjoy the same presumption of invalidity accorded his signature on the original documents. (G. Bogert, Trusts & Trustees §942, at 403-04 (2d ed. 1962).) Defendants failed to offer any evidence that plaintiff had such knowledge or that the transactions were fair.

■■ Defendants finally contend that plaintiff's action is barred by *laches*. Although the period of time on which *laches* is predicated normally begins to run either when the plaintiff learns of the facts on which his rights are based or when a reasonable person would acquire such knowledge (*Bobin v. Tauber* (1976), 45 Ill. App. 3d 831, 360 N.E.2d 368), a different rule applies where a fiduciary relationship is involved. Where a fiduciary has a duty to disclose certain facts to the plaintiff but fraudulently fails to do so, plaintiff's failure to use diligence to ascertain these facts is excused. In such cases, the running of time begins when the fraud is actually discovered by plaintiff. *Highway Insurance Co. v. Korman* (1963), 40 Ill. App. 2d 439, 190 N.E.2d 124; *Winger v. Chicago City Bank & Trust Co.* (1945), 325 Ill. App. 459, 60 N.E.2d 560.

■■ In the present case it does not appear that plaintiff had actual knowledge of the implications of his revocation of Prueter Trust prior to Herman's death. Since plaintiff filed suit within a reasonable period after Herman's death, *laches* has no application.

In light of our finding that Herman breached his fiduciary duty to plaintiff, it is unnecessary to consider plaintiff's other contentions of breach of contract, promissory estoppel, and the invalidity of the trust agreement itself.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to enter judgment for plaintiff, to order Bernice Bork to enter an accounting with regard to that property and income in Prueter Trust No. 3 which was fraudulently derived from Prueter Trust, and for further proceedings consistent with the holdings of this opinion.

Reversed and remanded with directions.

McGILLICUDDY and RIZZI, JJ., concur.