**Kolawole ASHAFA, Plaintiff–Appellant,**

**v.**

**CITY OF CHICAGO; Matthew Rodriguez, Superintendent of the Department of Police for the City of Chicago; Matthew Craig; James Cruz; Ross Takaki; and Four Unnamed Police Officers, Defendants–Appellees.**

**No. 97–2594.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1998.

Decided June 1, 1998.

---

Forrest L. Ingram (argued), Julie A. Klingbell Boynton, John O. Noland, Jr., Chicago, IL, for Plaintiff–Appellant.

Lawrence Rosenthall, Benna R. Solomon, Susan S. Sher, Meera Werth (argued), Patricia T. Bergeson, Carole B. Silver, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Defendants–Appellees.

Before WOOD, Jr., EASTERBROOK and ROVNER, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

On March 20, 1997, Kolawole Ashafa filed a complaint under 42 U.S.C. § 1983, naming the City of Chicago, the Superintendent for the Department of Police for the City, three named Chicago police officers, and four unnamed police officers as defendants. Ashafa alleged that his constitutional rights were violated during a confrontation with police on August 11, 1994. The district court dismissed Ashafa's complaint for failure to file within the statutory period. Ashafa appeals, and for the reasons set forth below, we affirm.

### I.  Background

Ashafa filed a § 1983 claim, naming the City of Chicago, the Superintendent for the Chicago Department of Police, and several named and unnamed police officers as defendants. Ashafa's complaint alleged the following scenario. On August 11, 1994, the car in which Ashafa was a passenger was stopped by four plain-clothed Chicago police officers. The officers ordered the four passengers to

get out of the car. When the passengers asked the officers to identify themselves, one of the officers flashed a badge from his wallet too quickly to allow any of the passengers to determine the man's name or badge number. Ashafa was seated in the backseat of the car, and a child safety feature prevented him from opening his door from the inside. Once the door was opened, Ashafa complied with the officers' orders and exited the car, at which time three of the officers tripped, kicked, and beat Ashafa, falsely accusing him of drug dealing. Ashafa was then handcuffed, searched, and placed under arrest.

Ashafa was taken to a police station where the beatings continued. Ashafa, was then placed in jail where he was denied medical care for the injuries he sustained from the beatings. Ashafa attempted to ascertain the names of the arresting officers and several other officers at the station house who Ashafa believed had violated his rights, but these requests were denied. While he was in jail, Ashafa learned that another detainee had been beaten by the same officers. Ashafa was released from jail the following morning. Upon his release, Ashafa obtained hospital treatment for his injuries. He spoke with someone associated with the police department in another attempt to determine the names of the officers involved. This person refused to provide Ashafa with the officers' names, but informed him that a complaint would be filed with the Office of Professional Standards ("OPS").

Ashafa never saw the OPS complaint; however, OPS did conduct an investigation into the incident. On September 29, 1994, OPS sent Ashafa a letter informing him that there was not sufficient evidence to either prove or disprove his allegations and that the investigation was being terminated. Ashafa tried repeatedly to obtain the names of the officers from the department, but his attempts were unsuccessful. The department informed Ashafa that it would not release the information without a subpoena. On March 21, 1995, Ashafa filed a verified petition under Fed.R.Civ.P. 27 to obtain the names of the officers involved. On May 4, 1995, at the hearing on the petition, the police department provided Ashafa with three of the seven names he requested. Ashafa filed his § 1983 action on March 20, 1997.

On April 3, 1997, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) based on Ashafa's failure to file suit within the two-year period set out in the statute of limitations. The district court granted the motion and dismissed Ashafa's complaint.

## II. Analysis

We review the district court's decision to dismiss Ashafa's complaint pursuant to Fed. R.Civ.P. 12(b)(6) *de novo.* Since the district court granted judgment on the pleadings, we must accept the allegations in Ashafa's complaint as true. *See Baskin v. City of Des Plaines,* 138 F.3d 701, 702–03 (7th Cir.1998). Ashafa raises three arguments on appeal. First, Ashafa urges this court to adopt a five-year statute of limitations for actions under § 1983 in place of the two-year period which we currently use. Alternatively, he asserts that, even if the shorter statute of limitations applies, the doctrine of equitable estoppel bars the appellees from asserting the statute of limitations as a defense. Finally, Ashafa contends that he is entitled to equitable tolling of the statute of limitations period. We review Ashafa's claims separately.

### A. Expansion of Statutory Period

■ Section 1983 does not contain an express statute of limitations. In order to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). This circuit has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 ILCS § 5/13–202 ("sec.202"). *See, e.g., Lucien v. Jockisch,* 133 F.3d 464, 466 (7th Cir.1998); *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir.1996); *Palmer v. Board of Education,* 46 F.3d 682, 684 (7th Cir.1995); *Farrell v. McDonough,* 966 F.2d 279, 282 (7th Cir.1992); *Kalimara v. Illinois Dep't of Corrections,* 879 F.2d 276, 277 (7th Cir.1989). Ashafa contends that, under *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), these holdings are erroneous and asks

us to overrule them. He asserts that this court should instead adopt the five-year statute of limitations set forth in 735 ILCS § 5/13–205 ("sec.205").

In *Owens,* the Supreme Court held that when a state has multiple statutes of limitations for personal injury actions, federal courts should apply the residual or general statute of limitations for personal injury actions for § 1983 purposes. *Owens,* 488 U.S. at 250, 109 S.Ct. 573. The Court noted that this holding was "fully consistent" with *Wilson's* rejection of state "catchall" limitations provisions as appropriate in § 1983 actions. *Id.* at 250 n. 12, 109 S.Ct. 573. Under *Owens,* "[c]ourts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions." *Id.*

Ashafa asserts that § 205, not § 202, is the Illinois general or residual statute for personal injury suits. We rejected this argument in *Kalimara,* stating that the issue was "well settled" and declining to reopen it. *Kalimara,* 879 F.2d at 277. Ashafa cites several pre-*Kalimara* district court cases, *Johnson v. Arnos,* 624 F.Supp. 1067 (N.D.Ill. 1985), *Shorters v. City of Chicago,* 617 F.Supp. 661 (N.D.Ill.1985), and *Doe v. Calumet City,* 707 F.Supp. 343 (N.D.Ill.1989), to support his contention. However, to the extent that these cases conflict with *Kalimara,* the reasoning in *Kalimara* prevails. Notably, this court has expressly disapproved of the rationale used in *Johnson* and *Shorters. Kalimara,* 879 F.2d at 277.

We remain convinced that § 202 is the type of general or residual statute of limitations for personal injury actions described in *Wilson* and *Owens.* By its express language, § 202 applies generally to "actions for damages for an injury to the person." 735 ILCS 5/13–202. Section 205, on the other hand, does not mention personal injuries and is truly a "catchall" statute, applicable not only to personal injury suits but to all other civil actions as well. Ashafa contends that the Illinois Supreme Court has stated that § 205 is "the general statute relating to personal injury actions." Ashafa cites *Mitchell v.*

*White Motor Co.,* 58 Ill.2d 159, 317 N.E.2d 505, 507 (1974), to support his judicial construction argument. Ashafa's reliance on *Mitchell* is misplaced and ignores other contrary Illinois Supreme Court precedent. For example, in *Hernon v. E.W. Corrigan Constr. Co.,* 149 Ill.2d 190, 172 Ill.Dec. 200, 595 N.E.2d 561 (1992), the court referred to § 202 as "the general statute of limitations for personal injuries set out in section 13–202." *Id.* 595 N.E.2d at 563. Ashafa's judicial construction argument fails.

Therefore, under the analysis outlined in *Owens,* the correct statute of limitations for § 1983 actions filed in Illinois is two years as set forth in § 202. Since Ashafa's action was filed more than two and a half years after the alleged violation, it is time-barred unless Ashafa can demonstrate some way to avoid the expiration of the statutory period.

### B. Equitable Estoppel

Equitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to file within the statutory period. Ashafa argues that the City should be equitably estopped from raising the statute of limitations as an affirmative defense based on its refusal to provide Ashafa with the names of the officers who allegedly violated his constitutional rights.

Current Seventh Circuit law holds that in cases in which federal courts borrow state statutes of limitations, federal, rather than state, estoppel law applies. *See Smith v. City of Chicago Heights,* 951 F.2d 834, 841 (7th Cir.1992). Ashafa argues that when courts borrow state statutes of limitations they must borrow the whole body of state law affecting the limitations period, including equitable estoppel. Federal estoppel law "focuses on whether the defendant acted *affirmatively* to stop or delay the plaintiff from bringing suit within the limitations period." *Id.* It requires that a defendant take active steps such as destruction of evidence or promises not to plead the statute of limitations as a defense. *Soignier v. American Bd. of Plastic Surgery,* 92 F.3d 547, 554 (7th

Cir.1996). Ashafa, citing *Prueter v. Bork*, 105 Ill.App.3d 1003, 61 Ill.Dec. 620, 435 N.E.2d 109, 113 (1982), asserts that under Illinois law the failure to disclose information that a defendant has a duty to disclose is sufficient to extend the statutory period without any affirmative conduct on the part of the defendant.

■ In the present case, we need not determine whether federal or state estoppel law governs. Under both federal and Illinois law, in order to invoke equitable estoppel, a plaintiff must show not only misconduct by the defendants, but also that he actually and reasonably relied on the misconduct. *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 605 (7th Cir.1992); *Augustus v. Somers*, 278 Ill.App.3d 90, 214 Ill.Dec. 784, 662 N.E.2d 138, 144 (1996) (citing *Vaughn v. Speaker*, 126 Ill.2d 150, 127 Ill.Dec. 803, 533 N.E.2d 885, 890 (1988)). Ashafa's claim fails to meet the reliance prong. While Ashafa states that he reasonably relied on the City's representations that it would disclose the identities, he does not allege any instances in which the City represented that it was going to disclose the names of the officers to Ashafa.

Ashafa first points to alleged statements by OPS employees that Ashafa's complaint would be typed up and presented to him to sign. Even if this could be interpreted as an indirect representation that the City was going to disclose the names of the officers involved, Ashafa could not have reasonably believed that this information would be forthcoming after September 29, 1994, when OPS informed him by letter that it was terminating its investigation into the matter. The OPS letter stated:

> Pursuant to your request, the Office of Professional Standards has conducted and completed a thorough investigation into all the allegations of misconduct by a member(s) of the Chicago Police Department.
>
> After evaluating all of the available evidence, we have classified this Complaint Register as NOT SUSTAINED. A finding of not sustained means that the evidence was not sufficient to either prove or disprove the allegations made. It is not a

finding of guilt or innocence on the part of anyone involved in the incident.

> Your cooperation in this matter has been appreciated.

In an attempt to rationalize his continued reliance following the receipt of the OPS letter, Ashafa points to the line which states "[y]our cooperation in this matter has been greatly appreciated." Ashafa contends that this line "invited further reliance by Ashafa on Appellees to obtain information." This contention is both unsupported and illogical. Furthermore, Ashafa argues that the OPS letter was ambiguous, because it stated that the evidence was insufficient to prove or disprove guilt or innocence. Ashafa fails to note that, regardless of the lack of a final determination of guilt or innocence, the letter clearly and unambiguously states that the OPS investigation is completed. Therefore, Ashafa was not reasonable in expecting more information to be forthcoming from OPS.

Alternatively, Ashafa contends that he showed reasonable reliance in continuing to contact the Department in repeated attempts to obtain the names even after receiving the OPS letter since OPS represented only one division of the Police Department. However, Ashafa fails to allege any instances of equivocal or fraudulent conduct by the Department or the City during these contacts. He alleges only that he "tried repeatedly to obtain the names, but the Department said it would not disclose the names without a subpoena." While Ashafa contends that he believed that the Department would eventually supply him with the information he desired, he has failed to allege facts sufficient to establish a reasonable basis for this belief. Equitable estoppel does not apply.

C. Equitable Tolling

■ "Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint." *Soignier*, 92 F.3d at 553 (citations omitted). In § 1983 actions, federal courts must apply state equitable tolling provisions. *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.

1998). The Supreme Court has not expressly stated whether the state tolling provisions operate exclusive of or in conjunction with the federal doctrine of equitable tolling, and there has been debate in this circuit on the issue.[1] We need not resolve this matter in the present case, however, since Ashafa's claim fails under both the federal and the state standard. In either case, equitable tolling requires a plaintiff to exercise due diligence in bringing his claim, *see, e.g., Singletary v. Continental Illinois National Bank and Trust Company of Chicago*, 9 F.3d 1236, 1241 (7th Cir.1993) (equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before"), and Ashafa has failed to demonstrate that he exercised due diligence in filing his complaint.

Ashafa contends that equitable tolling tolls the statute of limitations until the time at which he finally obtained the officers' names. Ashafa argues that he needed to receive this information before he could begin to verify his municipal liability allegations and that he should receive the full statutory period, two years, after his receipt of this information to file his complaint. However, equitable tolling does not reset the statute of limitations; instead, the doctrine requires "that the plaintiff get the litigation under way promptly after the circumstance justifying delay is no longer present." *Gonzalez*, 133 F.3d at 554 (applying Illinois law) (citation omitted). On May 4, 1995, Ashafa learned the names of three of the officers involved in the incident. At this time, there was more than fifteen months left before the expiration of the statute of limitations. Nevertheless, Ashafa waited until March 20, 1997, nearly two years

after he obtained the names, to file his complaint. Clearly, Ashafa failed to act promptly in filing his complaint. Equitable tolling cannot save his suit.

### III. Conclusion

Ashafa's claim was filed after the statute of limitations had expired. Since no equitable doctrine is available to extend the statutory period, the lawsuit is untimely. The district court was correct in dismissing the suit.

AFFIRMED.

**1.** The debate centers on whether the decisions of the Supreme Court require courts to use state tolling doctrines exclusively and examines the soundness of using state and federal tolling provisions concurrently. In *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), the Supreme Court held that the federal equitable tolling doctrine should be read into every federal statute of limitations. *Id.* at 397, 66 S.Ct. 582. The Court has not addressed the continued validity of *Holmberg* in light of cases such as *Hardin*. Cases in this circuit have utilized both approaches. *Compare Gonzalez*, 133 F.3d at 554 ("[a]lthough federal law defines the accrual of the claim for a constitutional tort, state law supplies the period of limitations and the associated doctrine of tolling.") *and Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992) ("[i]n applying these state limitations statutes, federal courts also follow the tolling laws of the state where the injury occurred.") *with Smith v. City of Chicago Heights*, 951 F.2d at 840 (relying on *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984), and stating "we conclude that the district court should apply the federal doctrine of equitable tolling in addition to the Illinois tolling provisions.").