165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry N. TAYLOR, Plaintiff-Appellant,
v.
ROCKFORD POLICE DEPARTMENT, Rockford Coroner Office, Ed
Yavitz Eye Center, et al., Defendants-Appellees.
 No. 98-1732.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998*.
Decided Nov. 9, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 97 C 50332. Philip G. Reinhard, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Terry Taylor brought this action under 42 U.S.C. § 1983, claiming that various Rockford police officers attempted to kill him and otherwise assaulted him; that the police department and coroner's office attempted to cover up the assaults by faking the deaths of the officers involved; that numerous government employees lied to him about the attempts on his life, telling him that the officers involved were dead; that doctors and others conspired to have contact lenses placed on his eyes to restrict his vision so that he could not see people whom the defendants had falsely told him were dead; that the attorney general's office faked a trial between him and one of the officers who allegedly shot him; and that he was issued a fraudulent marriage license. The district court dismissed the suit under 28 U.S.C. § 1915(e)(2) on the grounds that it was frivolous and that many of the allegations were the subject of earlier dismissed complaints. Taylor appeals and has filed motions requesting counsel and seeking leave to proceed as a pauper on appeal.
 
 
 2
 We agree with the district court that Taylor's jumbled and fabulous complaint is frivolous. He makes no allegations at all against many of the named defendants, and most if not all of the allegations he does include describe "fantastic or delusional scenarios" that are factually frivolous. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Moreover, to the extent that they could conceivably have a basis in rational fact, and were not the subject of one of Taylor's many previous complaints, the allegations concerning the alleged police assaults are time-barred, because they occurred more than two years before he filed his complaint. Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir.1998) (statute of limitations for § 1983 claims filed in Illinois is two years). We therefore AFFIRM the judgment of the district court, and DENY Taylor's motions requesting counsel and seeking leave to proceed in forma pauperis on appeal. (We note that Taylor has already paid the filing fee for this action in full.)
 
 
 3
 Finally, we note that Taylor has filed at least a dozen frivolous appeals before this court in the past. Accordingly, Taylor is ordered to show cause why he should not be fined $1,000 as a sanction for filing the present frivolous appeal. Appellant must file his response to the Rule to Show Cause within 14 days of the date of this order.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)