**Michael B. DAY, Plaintiff–Appellant,**

v.

**LINCOLN INSURANCE AGENCY, INC., Defendant–Appellee.**

No. 00–2627.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 19, 2000.*

Decided Jan. 10, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before COFFEY, MANION, DIANE P. WOOD, Circuit Judges.

## ORDER

Michael Day appeals from the district court's dismissal of his employment discrimination suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The district court found that Day's claims were time-barred because he failed to bring suit within ninety days of the Equal Employment Opportunity Commission's notice of right-to-sue letter, as required by 42 U.S.C. § 2000e–5(f)(1). We affirm.

On February 15, 1999, Michael Day filed a charge with the EEOC alleging discrimi-nation on the basis of age, race, and sex. In his EEOC charge, he listed his mailing address as 1514 North Elston in Chicago, but his actual mailing address at that time was a post office box. Day does not say why he did not provide the EEOC with his new address when he filed his charge, but claims that he had submitted a postal change-of-address form some nine months earlier, in May 1998, and was relying on the post office to forward any EEOC correspondence from the old address to the new. On March 10, 1999, the EEOC sent a right-to-sue letter to the North Elston address that Day had listed in his charge; that letter was returned to the EEOC as undeliverable. Several months later, in November 1999, Day contacted the EEOC to request a right-to-sue letter; this time he gave the EEOC the post office box address. On November 2, 1999 the EEOC wrote Day at his post office box address, informing him that the right-to-sue letter had been sent to him by certified mail to the address it had on file, but that the Postal Service had returned it as undeliverable. Attached to this correspondence was a copy of the March 1999 right-to-sue letter. Day filed his federal complaint on February 1, 2000–within ninety days of actually receiving a copy of the EEOC letter but almost a year after the EEOC had sent its determination to the only address it had on file. The district court granted Lincoln's motion to dismiss the complaint as time-barred because Day failed to file within ninety days of the March 1999 letter.

Day now appeals, claiming that the district court erred in declining to apply equitable tolling because: (1) he took reasonable measures to ensure that he received any EEOC correspondence by filling out a change-of-address form with the post office; and (2) post office error caused him to miss the ninety-day deadline. We

review de novo a district court's decision to dismiss a claim on a statute of limitations defense, accepting as true all of plaintiff's factual allegations and the reasonable inferences drawn from them. *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir.2000).

The timely filing of an EEOC charge is "not a jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to ... equitable tolling under appropriate circumstances." *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1174 (7th Cir.1999) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). "Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint," *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir.1998) (internal quotations and citation omitted), and is premised on the plaintiff's excusable neglect. *See, e.g., Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 605 (7th Cir.1992). Thus, the critical issue is when the 90–day limit began to run and whether, based on Day's conduct and the circumstances within his control, equitable tolling is warranted.

Although we have held that the ninety days begin to run upon plaintiff's "actual receipt" of the notice, we have also recognized that when plaintiffs fail to receive notice through their own fault, the "actual-notice" rule does not apply. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir.1999); *Jones v. Madison Ser-*

vice Corp., 744 F.2d 1309, 1313 (7th Cir. 1984). Lincoln relies on *St. Louis v. Alverno College*, 744 F.2d 1314, 1317 (7th Cir.1984), which holds that the ninety-day time limit begins on the date that the letter was delivered to the most recent address provided to the EEOC, even though the plaintiff did not receive actual notice until several months later because he failed to inform the EEOC of a change of address. *Alverno*, however, does not squarely cover the circumstances here. In contrast to Day, the plaintiff in *Alverno* waited six years before informing the EEOC of his change of address, and he left no forwarding information to ensure that his mail would reach him. Here, Day took affirmative measures to ensure that his mail was forwarded, and it is at least arguable that the forwarding instruction created the equivalent of an accurate address for him, as long as that instruction was in effect.[1]

Yet even under his own theory, Day should have notified the EEOC by the end of May 1999, when the forwarding order expired. Day acknowledges that such requests are valid for only twelve months. Had Day contacted the EEOC before May 1999 to inform the agency of his new address and to determine the status of his charge, he would have learned that the initial right-to-sue letter had been issued in March. He still would have had time to file his lawsuit within the ninety-day period, which did not expire until June 1999. Day's delay in informing the EEOC of his correct address caused the delay in his actual receipt of the right-to-sue letter,

---

1. The parties do not address whether the postal service will forward certified mail. The United States Postal Service Mail Delivery Manual suggests that certified letters like the one initially sent by the EEOC to Day are treated like regular first-class mail for forwarding purposes, and thus Day arguably would have been justified in assuming that the letter would reach him. *See* United States Postal Service Domestic Mail Manual Section F010.2.4, *available at http://pe.usps.gov.* We need not reach this question, however, because we find that Day was at fault for other reasons.

and he thus cannot claim the benefit of equitable tolling.

AFFIRMED.