Michael B. DAY, Plaintiff–Appellant,

v.

CHICAGO BOARD OF EDUCATION,
et al., Defendants–Appellees.

No. 00–4158.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2001.*

Decided Sept. 10, 2001.

Before FLAUM, Chief Judge,
EASTERBROOK, KANNE, Circuit
Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Six years ago Michael Day tried to distribute union literature at a Chicago Board of Education administrative office; he was not employed by the school system and was escorted from the building after Board employee Judi Butler complained that Day was disrupting her work. Two years later, in 1997, Day claimed in a pro se suit brought under 42 U.S.C. § 1983 that the Board had violated his First Amendment rights by stopping his literature campaign. Day deposed "Butler" during that lawsuit, which ended with a grant of summary judgment for the Board. We affirmed the dismissal. *Day v. Chicago Bd. of Educ.*, NO. 99–3890, 2000 WL 1090473 (7th Cir. Aug. 3, 2000) (unpublished).

A month after we issued our decision in his last appeal, Day sued again under § 1983, this time claiming that in the earlier litigation the Board and several of its employees conspired to thwart his recovery by spiriting away the real Judi Butler and hiring a stand-in to attend the deposition and give perjured testimony. Day admits in his complaint that he immediately recognized the woman to be a "phony," but made a tactical decision to wait and expose her true identity at trial.

The district court dismissed Day's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2), concluding that Day had failed to allege a constitutional violation because in the prior suit he could have remedied the alleged perjury but for strategic reasons did not. Though judgment was entered on September 21, 2000, Day waited until October 17 to move for reconsideration and to amend his complaint. The district court properly construed Day's motion as one under Federal Rule of Civil Procedure 60(b) and denied it in November. *See Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir.1997); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). Day filed a notice of appeal on December 5, too late to permit our review to encompass the underlying judgment. *See* Fed. R.App. P. 4(a)(1)(A), 4(a)(4)(A)(vi); *Castro v. Bd. of Educ.*, 214 F.3d 932, 934 n. 2 (7th Cir.2000) (Rule 60(b) motion filed more than 10 days after entry of judgment does not affect finality of original judgment or toll time for filing appeal).

■ Our review of an order denying Rule 60(b) relief is extremely deferential and only for abuse of discretion. *See Publicis Communication v. True North Communications Inc.*, 206 F.3d 725, 730 (7th Cir.2000). We will affirm unless no reasonable person would concur with the ruling. *McCormick v. City of Chicago*, 230 F.3d 319, 326–27 (7th Cir.2000). Rule 60(b) provides an extraordinary remedy limited to exceptional cases, *id.* at 327; it is not a means of correcting erroneous applications of law, *see Russell v. Delco Remy Div. of Gen'l Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Thus, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000).

■ Here, the district court did not abuse its discretion because Day's arguments fall outside the parameters of Rule 60(b). Day alleged no fraud, inadvertence, surprise, excusable neglect, or newly discovered evidence, *see* Fed.R.Civ.P. 60(b); indeed his motion raised nothing more than proposed amended language for his complaint and a reiteration of his belief that he stated a constitutional claim, thus implying that the district court erred in dismissing his complaint. But even assuming that Day's motion asserted district court error, Rule 60(b) relief does not encompass such claims. *See Cash v. Ill. Div.*

*of Mental Health,* 209 F.3d 695, 698 (7th Cir.2000).

AFFIRMED.