**Michael B. DAY, Plaintiff–Appellant,**

v.

**Donna SORCI, et al., Defendants–Appellees.**

**No. 01–2800.**

United States Court of Appeals, Seventh Circuit.

Submitted April 22, 2002.*

Decided Sept. 3, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, ROVNER, and EVANS, Circuit Judges.

### ORDER

In April 2000 Michael Day filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Cook County Deputy Sheriff Donna Sorci and several unidentified courthouse employees at the Daley Center in Chicago violated the Constitution when they blocked his attempts to file an emergency motion in his state civil case, ordered him to leave the courtroom, and barred him from reading in the courthouse library. In November 2000, Sorci moved to dismiss Day's complaint for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), and in the alternative asserted an affirmative defense of qualified immunity. The district court granted Sorci's motion and dismissed Day's case in its entirety, pursuant to 28 U.S.C § 1915(e)(2)(B), finding frivolous his claims regarding his ejection from the courtroom and library, and concluding that qualified immunity barred relief against Sorci and all unnamed defendants. Day appeals and we affirm.

Day alleges that on May 1, 1998, he tried to present an emergency motion to stay an adverse judgment in his state-court litigation, but that Sorci and an unnamed courtroom clerk conspired to prevent his motion from being heard by the judge. According to Day's complaint, Sorci worked in a civil courtroom at the Daley Center, and on that morning, while litigants assembled for motion call, Sorci told Day to take a seat and took his case material—a printout received from the clerk's office—offering to present it to the courtroom clerk. A short while later Sorci returned the printout to Day, informing him that the clerk could not call his case without the original case file. But the file was no longer available to Day because of his pending appeal from the adverse judg-

ment, and he alleges that Sorci knew the printout was an acceptable substitute but nevertheless refused to let him present his motion to the judge or clarify the documentation requirements with the courtroom clerk.

Day further alleges that, when he realized that his emergency motion would not be called, he tried to attract the judge's attention by waiving his hand. The judge ordered him to stop, and minutes later several unnamed deputies arrived at the courtroom and asked Day and Sorci into the hall. Day maintains that during the ensuing questioning Sorci continued to lie both about the documentation requirements needed to present an emergency motion and about the level of Day's disruptiveness. Day adds that the courtroom clerk, when questioned by the deputies, corroborated Sorci's lies at Sorci's bequest.

Finally, according to his complaint, Day returned to the courtroom, intending to sit and observe other litigants' court proceedings, when the deputies reappeared and ordered him to leave the courtroom. He complied, and from there attempted to take the elevator to the Cook County Law Library located on another floor of the building. Again the trailing deputies refused him access, and ordered him to leave the building altogether. Day again complied and promptly exited the building.

Day then filed this suit under § 1983, alleging as relevant here four distinct claims for relief. First, Day alleges that Sorci and the courtroom clerk violated his First Amendment right of access to the courts and impeded his ability to protect his property rights by preventing him from filing his emergency motion. Second, he claims that the unnamed deputies violated the First Amendment by keeping him from observing other litigants' courtroom proceedings. Third, he asserts that by refusing him entrance to the courthouse

law library the unnamed deputies violated his First Amendment "right to free inquiry." Finally, he claims that Sorci and the deputies violated his right to equal protection by harassing him because he was poor, he lacked counsel, and he was challenging the court's verdict.

In May 2001 the district court dismissed, concluding that Day failed to state any claim upon which relief could be granted. Day filed a motion for reconsideration and to amend his complaint, which the district court denied in a memorandum order issued July 6. Between these two orders the court analyzed each of Day's four claims for relief, and in addition inquired whether the deputies' actions in expelling Day from the state courthouse could be analyzed as an unreasonable seizure under the Fourth Amendment. Ultimately, the court concluded that Day's First Amendment claims were frivolous and that the defendants were shielded from his other claims by qualified immunity.

We review the dismissal of Day's complaint *de novo* and take as true its factual allegations, drawing all reasonable inferences in his favor. *See Looper Maint. Serv. Inc. v. City of Indianapolis,* 197 F.3d 908, 911 (7th Cir.1999). If we can imagine a set of facts consistent with the complaint that would entitle Day to relief on any of his claims, then dismissal was inappropriate. *See Alper v. Altheimer & Gray,* 257 F.3d 680, 684 (7th Cir.2001). On appeal, Day presses four arguments that we address on the merits, but before we reach them we note that he also identifies as an issue the denial of his motion to amend his complaint. But Day fails to develop the issue or provide supporting caselaw, and so the issue is waived. *United States v. Dexter,* 165 F.3d 1120, 1125 (7th Cir.1999). In addition, Day's brief omits any challenge to the dismissal of his equal protec-

tion claim, and he therefore has waived this issue as well. *See Williams v. Heavener,* 217 F.3d 529 (7th Cir.2000).

What Day does argue is, first, that the district court erred in dismissing his claim that he was denied access to the courts. The district court cited Day's failure to allege an injury as the basis for its ruling. Day responds that he suffered "humiliation," but, at a minimum, what must be shown for a viable claim is that a state actor hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey,* 518 U.S. 343, 352, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Harrell v. Cook,* 169 F.3d 428, 432 (7th Cir.1999). Since Day effectively concedes that his litigation was unaffected, the district court properly dismissed this claim.

Day, following the district court's lead, next argues that the deputies' actions constituted a seizure under the Fourth Amendment and that the district court erred in its conclusion that they enjoyed qualified immunity. In his appellate brief, however, Day candidly concedes that he never intended his complaint to allege a Fourth Amendment claim. Therefore, we decline to review the district court's analysis of a claim that Day himself never sought to pursue.

Finally, Day argues that the district court erred in failing to recognize his First Amendment right to observe other litigants' courtroom proceedings and to use the courthouse library. The district court concluded that, although Day's right to walk into the Daley Center was constitutionally protected, there was no clearly established right that could prevent court officials from ejecting him from the premises if they believed, either rightly or wrongly, that he was creating a disturbance. Day's factually detailed complaint makes clear that his behavior in the courtroom prompted the judge's order to stop

and was the defendants' stated reason for his ejection from the Daley Center that day. Accordingly, dismissal in favor of Sorci and the unnamed defendants was proper.

AFFIRMED.