Sally HINES and Erin Hines,
Plaintiffs–Appellants,

v.

CITY OF CHICAGO, et al.,
Defendants–Appellees.

No. 03–1595.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 2003.

Decided Jan. 21, 2004.

Rehearing Denied Feb. 20, 2004.

John A. Cook, Chicago, IL, for Plaintiff–Appellant.

Mara S. Georges, Jane E. Notz, Chicago, IL, for Defendant–Appellee.

Before KANNE, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

The allegations underlying this § 1983 suit are troubling: the plaintiffs, Sally and Erin Hines, claim that as they were driving late one night on the west side of

Chicago, they were stopped without probable cause by two police officers and subjected to an open-air strip search. But the merits of this claim were never reached—the statute of limitations ran before the individual police officers were added to the complaint. The question on appeal is whether the plaintiffs should have been able to avoid the statute of limitations through either equitable tolling or equitable estoppel.

The issue arises because of the rules of liability under 42 U.S.C. § 1983. A local government is not liable for the wrongful actions of its officers and employees unless those actions resulted from an established policy or custom. *See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In the absence of such a policy or custom, a plaintiff must sue the officers individually, in their own names. If a plaintiff does not know the names of the officers, she can nevertheless proceed by filing a complaint against unidentified officers, and later amending the complaint when their real names are discovered. But because the amendment does not "relate back" to the date of the original pleading, *see* Fed. R.Civ.P. 15(c); *Delgado–Brunet v. Clark,* 93 F.3d 339, 344 (7th Cir.1996), the officers' names need to be added before the expiration of the relevant statute of limitations–two years for claims in Illinois under § 1983, *Clark v. City of Braidwood,* 318 F.3d 764, 766 (7th Cir.2003).

In this case, the original complaint was filed in December 2001—still within two years of the alleged search on January 1, 2000—but it was not amended to include the officers' real names until the end of October 2002. The claims against the officers are therefore barred unless the plaintiffs can avoid the statute of limitations, through either equitable tolling or equitable estoppel.

The doctrine of equitable tolling allows a plaintiff to file a claim after the statute of limitations has expired, but only if she was unable to do so earlier despite the exercise of "reasonable diligence." *See Wilson v. Battles,* 302 F.3d 745, 748 (7th Cir.2002); *Singletary v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago,* 9 F.3d 1236, 1242 (7th Cir.1993). To show that they diligently tried to find out the names of the officers, the plaintiffs in this case point to a series of requests they made to officials in the Chicago Police Department between December 2000 and July 2001. The officials were unresponsive, either ignoring the plaintiffs' letters, referring them to other department officials, or refusing outright to provide the information. The plaintiffs finally got the information not from the police department but from the City's corporation counsel, in response to a subpoena issued in July 2002. They added the officers' names to the complaint soon thereafter.

The district court dismissed the claim against the officers, concluding that the plaintiffs had not been reasonably diligent. We agree. The method that finally uncovered the officers' names—the use of discovery after the filing of the lawsuit—was available to the plaintiffs long before the statute of limitations expired. *See Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 & n. 3 (7th Cir.1996) (discussing the use of discovery to identify unknown defendants). It is plain from the record that they knew of this option: their own lawyer, requesting information in May 2001 from police superintendent Terry Hillard, advised that absent a response, his clients had "directed him to file a legal action" and that "discovery procedures would be available to obtain the requested information." Nevertheless, the plaintiffs did not file their suit until a month before the deadline, and waited until seven months after that to make the necessary

discovery requests. They have not explained why they failed to take advantage of discovery until July 2002.

Instead, the plaintiffs argue that the City's failure to respond to their earlier requests, and its failure to identify the officers in its answer to the original complaint, should estop it from raising the statute-of-limitations defense on behalf of the officers. We addressed an almost identical argument in *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir.1998). As here, the plaintiff in *Ashafa* wished to bring a § 1983 claim against unknown police officers, but was unable to get the police department to release their names. In rejecting Ashafa's equitable-estoppel argument, we noted that the doctrine "requires that a defendant take active steps" to delay or prevent the filing of a suit, "such as destruction of evidence or promises not to plead the statute of limitations as a defense," *id.* at 462. The plaintiff must also show "that he actually and reasonably relied on the [defendant's] misconduct," *id.* at 463. In this case, the City did nothing more than refuse to release the officers' names. We do not see how this can have induced the plaintiffs to delay filing their suit; if anything, it put the plaintiffs on notice that they needed to file suit promptly in order to obtain the names through discovery.

The plaintiffs failed to take timely advantage of available discovery procedures to find out the names of the police officers. And although the City did not fully cooperate with the plaintiffs' other investigative efforts, it did not take any active dissuasive steps on which the plaintiffs can be said to have relied. We therefore AFFIRM the district court's dismissal of the claims against the officers.