**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 19, 2013[*]
Decided May 6, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 12-1105 <br><br> MICHAEL DAY, <br>     *Plaintiff-Appellant*, <br><br>       *v.* <br><br> CITY OF CHICAGO, ILLINOIS, *et al.*, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 C 2397 <br> Joan B. Gottschall, *Judge*. |

### Order

Michael Day's complaint contends that over a span of three decades officers of Chicago's police harassed him, tried to lure him into committing crimes, tried to poison him by placing insects in his room at the YMCA and asking a pest-control firm to spray the room, and thwarted his efforts to obtain employment. The complaint names other defendants as well. The district court dismissed the bulk of the complaint under 28 U.S.C. §1915(e)(2) but permitted Day to proceed on his claim that officers wrongly told potential employers about his arrest record.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Day then filed three amended complaints, each of which the district court dismissed after concluding that Day was unable or unwilling to limit his allegations to those that the judge thought presented a plausible claim. The third amended complaint was dismissed for that reason, and because the judge deemed its 138 paragraphs needlessly long and complex. See Fed. R. Civ. P. 8(a).

Day's principal argument on appeal is that his allegation that the police have tried to poison him should not have been dismissed, because it would be "physically possible" for the police to harm him. The question is not what is *possible* but whether the complaint narrates a plausible claim. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Supreme Court held in *Neitzke v. Williams*, 490 U.S. 319 (1989), that, when a plaintiff seeks to litigate without prepaying all required fees, district judges may screen out claims that are fantastic or delusional. The district judge did not abuse her discretion in concluding that Day's claim of poisoning meets that standard. Indeed, given *Iqbal*, a complaint in a fully paid case would have to do more than Day's did to survive dismissal.

Since 1996 Day has filed at least 17 other federal lawsuits. See *In re Day*, No. 11 C 7205 (N.D. Ill. Oct. 13, 2011) (collecting cases). Of these, at least 11 (in addition to the current appeal) have reached this court. See *In re Day*, No. 12-3226 (7th Cir. Dec. 20, 2012) (dismissed for failure to pay docketing fee); *In re Day*, No. 12-2611 (7th Cir. Dec. 20, 2012) (same); *Day v. Multi-Temp*, No. 11-2266 (7th Cir. Jan. 11, 2012) (dismissed for want of prosecution); *Day v. Des Plaines School District*, No. 11-3075 (7th Cir. Dec. 30, 2011) (same); *Day v. City of Chicago*, No. 10-1551 (7th Cir. May 14, 2010) (dismissed for lack of jurisdiction); *Day v. City of Chicago*, No. 07-1146 (7th Cir. Jan. 10, 2008) (dismissed for want of prosecution); *Day v. Oak Park School District*, No. 06-2848 (7th Cir. Aug. 24, 2007) (same); *Day v. Sorci*, No. 01-2800 (7th Cir. Sept. 3, 2002) (affirmed); *Day v. Chicago Board of Education*, No. 00-4158 (7th Cir. Sept. 10, 2001) (affirmed); *Day v. Lincoln Insurance Agency*, No. 00-2627 (7th Cir. Jan. 10, 2001) (affirmed); *Day v. Chicago Board of Education*, No. 99-3890 (7th Cir. Aug. 3, 2000) (affirmed). Most of these suits were frivolous or were abandoned before the court could reach the merits.

In October 2011 the Executive Committee of the United States District Court for the Northern District of Illinois entered an order requiring leave of court before Day could file new suits. He attempted to file another and, when the Executive Committee denied permission, took an appeal. But he abandoned that appeal by failing to pay the docketing fee. That appeal was No. 12-3226, mentioned above. This sequence suggests that Day plans to continue his campaign of litigation.

The current appeal is frivolous. We give Day 14 days to show cause why the court should not penalize the appeal under Fed. R. App. P. 38. One possible sanction would be an order revoking Day's privilege of litigating *in forma pauperis* and requiring him to prepay all required fees for any future suits or appeals. Another possible sanction

would be a monetary fine, which, if unpaid, could lead to entry of a *Mack* order. See *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). We invite Day to discuss both whether a sanction is appropriate and, if so, which the court should choose.