In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3444

STACEY LIBERTY,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO, ERIC JEHL and
MARK PALAZZOLO,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 2451 — **Harry D. Leinenweber**, *Judge.*

ARGUED JANUARY 6, 2017 — DECIDED JUNE 27, 2017

Before WOOD, *Chief Judge,* and BAUER and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* On June 15, 2013, Antwoyne Johnson was an occupant of a vehicle whose driver was searching for parking on South Springfield Avenue in Chicago, Illinois, at approximately 2:45 a.m. A Chicago police car pulled behind

the vehicle and turned on its lights. Johnson left the vehicle and ran into a nearby alley. The police officers drove into the alley in pursuit of Johnson and fired a number of times, hitting Johnson in the back and hand. Johnson died of his injuries.

On March 23, 2015, plaintiff-appellant Stacey Liberty, Johnson's mother, filed a complaint under 42 U.S.C. § 1983, naming the City of Chicago and unknown Chicago police officers. Liberty's complaint raised claims of false arrest, excessive force, deliberate indifference, unlawful seizure, and violation of due process. She also argued that the City adopted policies that permit police to use excessive force, and that the City failed to properly train and supervise the unknown officers.

A week after the filing her complaint, Liberty's attorney, Sean Mulroney, served a subpoena on the City, requesting the production of all police reports, records, statements, and photographs pertaining to the incident. On April 24, 2015, OEMC supervisor Erin Hansen spoke to Mulroney and informed him that all documents requested by the subpoena had been sent to the City's Law Department; on May 21, 2015, Mulroney advised the City that the documents were needed so that the unknown officers could be identified. The City's counsel, Daniel Nixa, stated that he would "look into" a response to the subpoena. Nixa further stated that the City would like to refrain from answering the complaint until all unknown officers were identified and added to the complaint.

On May 26, 2015, Nixa emailed Mulroney two Tactical Response Reports that identified Officers Mark Palazzolo and Eric Jehl as the officers who shot Johnson and informed

Mulroney that the City did not have the "Area File" or other documents in its possession.[1] On June 24, 2015, Liberty filed a motion for leave to file an amended complaint, and Mulroney sent Nixa an email asking if the City would object to the motion to amend the complaint. The City did not object, and Liberty filed the amended complaint on July 6, 2015. The amended complaint replaced "Unknown Chicago police officers" with Officers Palazzolo and Jehl as Defendants; it also clarified that the incident occurred on or about June 16, 2013, at 2:30 a.m.

The City moved to dismiss the *Monell* claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 8, 2015. Liberty failed to respond in writing or appear at the hearing related to the motion, and the district court granted it on July 14, 2015. Officers Palazzolo and Jehl filed a motion to dismiss under Rule 12(b)(6) on July 30, 2015, on the basis that Liberty's claims were time-barred. The court granted the motion on October 6, 2015. Liberty timely appealed.

## I. DISCUSSION

The appropriate statute of limitations for § 1983 cases filed in Illinois is two years, as set forth in Illinois' personal injury statute, 735 Ill. Comp. Stat. 5/13-202. *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (citation omitted). "[A]ll that is required to start the statute of limitations running is knowl-

---

[1] Mulroney contends that there were six additional officers "involved in altering and concealing the facts and evidence from the scene of the shooting" based upon interviews that he conducted with witnesses and family members.

edge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Artega v. United States*, 711 F.3d 828, 831 (7th Cir. 2013) (citations omitted).

Here, it is undisputed that Liberty's claims began to accrue on June 16, 2013, and that the limitations period expired on June 16, 2015, eight days before she moved for leave to file the amended complaint. Liberty attempts to salvage her time-barred claims by arguing that she is entitled to equitable tolling or equitable estoppel. However, neither theory is applicable here. We address each argument in turn.

"Equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint." *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998) (citation omitted). The record demonstrates that Liberty was aware of the identities of Officers Palazzolo and Jehl more than three weeks prior to the end of the limitations period. Therefore, Liberty had the information essential to amending her complaint, and tolling is inappropriate.

Moving to Liberty's second argument, "[e]quitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to file within the statutory period." *Ashafa*, 146 F.3d at 462. Liberty argues that the City refused to provide her with the names of the additional unknown officers, but she has no evidence to support such a charge. In addition, we are unpersuaded that the City induced Liberty into failing to file within the limitations period. Nixa's

statement that the City would *likely* not oppose the filing of an amended complaint fell far short of an assurance that the City would abandon all of its' affirmative defenses. Thus, Liberty is not entitled to equitable estoppel.

Before concluding, we briefly address Liberty's final contention that her claims against the additional unknown officers and the City should be reinstated. The City contends that Liberty has waived these arguments because she failed to raise them before the district court. We agree. *See King v. Kramer*, 763 F.3d 635, 641 (7th Cir. 2014) ("[A] party waives on appeal any argument that it does not present to the district court.") (collecting cases). Liberty's decision to drop the unknown officers as Defendants and forego a challenge to the City's dismissal relinquishes any claims she had against them.

## II. CONCLUSION

We AFFIRM the district court's dismissal of Liberty's suit.